## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Jeffrey Brown,<br>17900 Delavan Street<br>Cleveland, Ohio 44119<br><br>   Plaintiff,<br><br>   vs.<br><br>City of East Cleveland<br>14340 Euclid Avenue<br>East Cleveland, Ohio 44112<br><br>   Defendant,<br><br>City of East Cleveland Police<br>Department, 14340 Euclid Avenue<br>East Cleveland, Ohio 44112<br><br>   Defendant,<br><br>Former City of East Cleveland<br>Police Officer Torris Moore<br>(*sued in her individual and official*<br>*capacity*) 14340 Euclid Avenue<br>East Cleveland, Ohio 44112<br><br>   Defendant,<br><br>Former City of East Cleveland<br>Police Officer Antonio Malone<br>(*sued in his individual and official*<br>*capacity*) 14340 Euclid Avenue<br>East Cleveland, Ohio 44112<br><br>   Defendant,<br><br>City of East Cleveland  Police<br>Officer Mark Allen (*sued in his*<br>*individual and official capacity*) | Case No:<br><br>District Judge:<br><br>Magistrate Judge:<br><br>**1:18 CV    192**<br><br>**Complaint under 42 § U.S.C.<br>1983, 42 U.S.C. § 1985, 42 U.S.C<br>§ 1986, and State Law Claims**<br><br>**Demand for Jury Trial<br>Endorsed Herein**<br><br>JUDGE BOYKO<br><br>**MAG. JUDGE GREENBERG** |

1

14340 Euclid Avenue                          )
East Cleveland, Ohio 44112                   )
                                             )
     Defendant,     )
                                             )
City of East Cleveland Police                )
Officer John Doe 1 (*sued in his*            )
*Individual and official*)                   )
14340 Euclid Avenue                          )
East Cleveland, Ohio 44112                   )
                                             )
     Defendant,     )
                                             )
City of East Cleveland Police                )
Officer John Doe 2[1] (*sued in his*         )
*Individual and official*)                   )
14340 Euclid Avenue                          ))
East Cleveland, Ohio 44112                   )
                                             )
     Defendant,     )
                                             )
ABC & XYZ Insurance Carriers                 )
Providing occurrence Coverage                )
Police Activities Such As                    )
Identified & Verified Herein                 )
14340 Euclid Avenue                          )
East Cleveland, Ohio 44112                   )
                                             )
     Defendant,     )

## I. **PRELIMINARY STATEMENT**

1. Plaintiff, Jeffrey Brown, bring this action pursuant to 42 U.S.C. § 1983,

   42 U.S.C. § 1985, 42 U.S.C. § 1986 and State law claims for

   compensatory and punitive damages, arising from the unlawful arrest,

---

1 Plaintiff is unaware of the name of certain defendants, therefore Plaintiff bring suit against unnamed 'John Doe 1' and "John Doe 2' defendants until discovery or other information reveals the identity of the parties." See, *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010) (holding Plaintiffs are permitted to bring suit against unnamed "John Doe" defendants until discovery or other information reveals the identity of the party.)

detainment, malicious prosecution and the defamation caused by the City of East Cleveland Ohio, the City of East Cleveland Ohio Police Department, Former City of East Cleveland Police Officer Torris Moore, Former City of East Cleveland Police Officer Antonio Malone, City of East Cleveland Police Officer Mark Allen, City of East Cleveland Police Officer John Doe 1, City of East Cleveland Police Officer John Doe 2, and ABC & XYZ Insurance Carrier Providing occurrence Coverage for Police Activities.

## II. JURISDICTION AND VENUE

2. This action arises under the Fourth and Fourteenth Amendments of the United States Constitution, and as such, is subject to federal law, particularly under 42 U.S.C. § 1983, 42 U.S.C. § 1984, 42 U.S.C. § 1985, 42 U.S.C. § 1986. This action also arises under State law claims.

3. Jurisdiction is conferred upon this federal court pursuant to 28 U.S.C. § 1331. State law claims are covered by supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. The fraudulent act, the alteration of public records and other crimes, having taken place in the past have been discovered in the last four years since the Plaintiff was tried and as such by the named defendants in this matter, committed acts that constitute fraud, no statute of limitation or exceptions of the prescription are applicable to fraud, alteration of public records, and crimes set forth herein. The

commission of these crimes, conflicts, and the related acts of Terrorism and Treason under the states and federal law in violation of their oaths or public office was ongoing at the time.

5. The incidents set forth herein and which are the subject of this Complaint occurred in Cuyahoga County, Ohio, thus venue is properly laid in the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1391(b).

### III.PARTIES

6. At all times relevant to the claims in this complaint, Plaintiff Jeffrey Brown is a citizen of the United States and is a residents of Cuyahoga County in the State of Ohio.

7. At all times relevant to this claim, Defendant Torris Moore, was a member of the East Cleveland Police Department, in the State of Ohio, who at all times pertinent hereto did commit the acts and crimes against the Plaintiff Jeffrey Brown, verified herein and further proved by the public records related to the charges and convictions of former office Torris Moore, in the United States District for the Northern District of Ohio, East Division, in *United States v. Moore*, Case No. 1:15CR363 (N.D. Ohio). Defendant Moore's actions are among the cause-in-fact probative of the injuries and violations of the rights of Plaintiff Jeffrey Brown, acting in solidarity and conjunction with the other defendants – including the East Cleveland Police Department,

4

Ohio – in violation of Plaintiff's civil rights as protected by the United States Constitution as well as those of the State of Ohio.

8. At all times relevant to this claim, Defendant Antonio Malone, was a member of the East Cleveland Police Department, in the State of Ohio, who at all times pertinent hereto did commit the acts and crimes against the Plaintiff Jeffrey Brown, verified herein and further proved by the public records related to the charges and convictions of former office Antonio Malone, in the United States District for the Northern District of Ohio, East Division, in *United States v. Malone, et al.*, Case No. 1:15CR373 (N.D. Ohio). Defendant Malone's actions are among the cause-in-fact probative of the injuries and violations of the rights of Plaintiff Jeffrey Brown, acting in solidarity and conjunction with the other defendants – including the East Cleveland Police Department, Ohio – in violation of Plaintiff's civil rights as protected by the United States Constitution as well as those of the State of Ohio.

9. At all times relevant to this claim, Defendant Mark Allen, was and is a member of the East Cleveland Police Department, in the State of Ohio, who at all times pertinent hereto did commit the acts and crimes against the Plaintiff Jeffrey Brown, verified herein and further proved by the public records related to the charges and convictions of former office Mark Allen, in the United States District for the Northern District of Ohio, East Division. Defendant Allen's actions are among

the cause-in-fact probative of the injuries and violations of the rights of Plaintiff Jeffrey Brown, acting in solidarity and conjunction with the other defendants – including the East Cleveland Police Department, Ohio – in violation of Plaintiff's civil rights as protected by the United States Constitution as well as those of the State of Ohio.

10. Defendant City of East Cleveland and Its East Cleveland Police Department, is being sued in its official capacity as overseer of Its law enforcement agencies for the City of East Cleveland, Ohio. The named Defendants through their public offices violated Plaintiff righs as those rights are expressly guaranteed and protected under the United States Constitution.

    A) At all times pertinent hereto, Defendants acting under color of state law, are responsible for the actions and inactions of their subordinates as they relate to the violations of Plaintiff Jeffrey Brown's civil rights, in the following non-exhaustive particulars:

        i. Failure to properly hire, train, instruct, discipline and/or supervise the officers under their authority;

        ii. Failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department;

        iii. Condoning a pattern, practice and/or custom of police officer intimidation and abuse, and by failing to take appropriate and reasonable measures to ensure that the members of the general public are protected from unlawful searches, seizures, and extortion by members of the Defendants offices and departments;

11. All of the acts and omissions alleged herein are established customs,

policies and practices, which, among others, have the effect of depriving Plaintiff Jeffrey Brown of his right to due process of the law, including freedom from unreasonable searches and seizures, as well as other rights privileges and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to Constitution of the United States and the Constitution and Laws of the State of Ohio, which directly and proximately caused damages complained of herein.

12. Defendant John Doe 1, natural persons including other defendants named herein, as well as those who have not been identified by name, but who did conspire with co-defendants variously, and were the persons who violated Plaintiff's rights under the United States Constitution and the amendments thereto, and Plaintiff's rights under federal laws, including but not limited to violations of the Constitution of the States of Ohio, and Ohio Laws.

13. Defendant John Doe 2, natural persons including other defendants named herein, as well as those who have not been identified by name, but who did conspire with co-defendants variously, and were the persons who violated Plaintiff's rights under the United States Constitution and the amendments thereto, and Plaintiff's rights under federal laws, including but not limited to violations of the Constitution of the States of Ohio, and Ohio Laws.

14. Defendant ABC & XYZ Insurance Carriers Providing occurrence

Police Activities Coverage, is being sued as the insurer of the Defendants.

## IV. VERIFIED AND CERTIFIED STATEMENT OF THE FACTS BY PLAINTIFF JEFFREY BROWN

15. Plaintiff Jeffrey Brown was and is an adult, the age of majority for the State of Ohio, who at all times pertinent hereto was a citizen and resident of the State of Ohio and whose rights were protected by the Constitution and laws of the State of Ohio as well as by those of the United States of America.

16. Plaintiff Jeffrey Brown has personal knowledge of the facts stated and verified below.

17. On November 5, 2013, Plaintiff Jeffrey Brown was driving his vehicle down East 131st Street, in Cleveland, Ohio, when Defendant Malone and Defendant Allen, without probable cause, pulled Plaintiff over.[2]

18. Plaintiff stopped in front of his business/store: Alyakaj Stop-N-Shop, at 720 East 131st Street, Cleveland, Ohio 44108.[3]

19. Defendant Allen exited the Lincoln Navigator, with his gun drawn, and ran to the drivers' side of Plaintiff's vehicle.

20. Defendant Allen opened Plaintiff driver's side door and violently pressed a gun into Plaintiff's ribs and demanded Plaintiff to exit the

---

2  Defendant Allen and Defendant Malone was operating an unmarked police vehicle, to wit: a Lincoln Navigator.
3  Plaintiff did not commit any traffic violation to justify a traffic stop, nor was Plaintiff committing or attempting to commit any crime when Defendant Allen and Defendant Malone effectuated the unlawful traffic stop.

vehicle.

21. The Plaintiff complied with Defendant Allen's command and was immediately unconstitutionally arrested and searched.

22. While being searched, Plaintiff observed an East Cleveland Police Department cruiser drive up with Defendant John Doe 1 as the driver and Defendant John Doe 2 as the passenger.[4]

23. Defendant John Doe 2 exited the passenger side of the police cruiser and Defendant Allen placed Plaintiff in the back seat of the cruiser.

24. Without a search or arrest warrant, Defendant John Allen, Defendant Malone and Defendant John Doe 2 entered Plaintiff's business: Alyakaj Stop-N-Shop, at 720 East 131st Street, Cleveland, Ohio 44108.[5]

25. After Defendant John Allen, Defendant Malone and Defendant John Doe 2 entered Plaintiff's business, Defendant John Allen, Defendant Malone and Defendant John Doe 2 unlawfully detained Plaintiff's daughter Ja-Kayla Brown, and Plaintiff's son Jayden Brown.

26. While Defendant Allen, Defendant Malone and Defendant John Doe 2 was searching Plaintiff's business/store, Demetrious Brantley, who is Plaintiff's tenant and employee, arrived at the store to begin his work day.

---

4  Plaintiff recall Defendant John Doe 1 speaking with an African dialect. Furthermore, on information and belief, Plaintiff asserts Defendant John Doe 2 is the twin brother or sibling of Defendant Malone.
5  720 East 131st Street, Cleveland, Ohio 44108, is an apartment building, that was at the time of the acts alleged herein owned by the mother of Plaintiff's children. The building includes a store front, three residential units on the second level and one residential unit on the first level.

27. Defendant Allen immediately detained and hand-cuffed Demetrious Brantley and placed him in the police cruiser with Plaintiff.

28. After Demetrious Brantley was detained, Defendant Torris Moore arrived at the scene, and Defendant Malone and Defendant John Doe 2 exited Plaintiff's store.

29. Defendant Allen re-searched Plaintiff and removed Plaintiff's residential keys for Plaintiff's house in South Euclid, Ohio, and said to his co-defendants: "We got to get to Lucille, in South Euclid."

30. Defendant Allen and Defendant John Doe 2 left Alyakaj Stop-N-Shop, at 720 East 131st Street, Cleveland, Ohio 44108 and proceeded to search Plaintiff's residence at 4407 Lucille Avenue, South Euclid, Ohio, 44121.

31. Plaintiff and Demetrious Brantley was taken to the East Cleveland City Jail.

32. After Plaintiff was taken to the East Cleveland City Jail, 720 East 131st Street, Cleveland, Ohio 44108 and 4407 Lucille Avenue, South Euclid, Ohio, 44121, was being searched, however unbeknownst to all Defendants, 720 East 131st Street, Cleveland, Ohio 44108 was monitored by surveillance cameras that captured the following:

    i. Defendant Malone and Defendant Moore searching Alyakaj Stop-N-Shop and all residential units;

    ii. Defendant Malone and Defendant Moore exiting residential unit 3 – Plaintiff's personal residence – with a black bag;

    iii. Defendant Malone and Defendant Moore re-entering Alyakaj Stop-N-Shop and stealing all U.S. currency inside of the cash register and placing the stolen U.S. Currency into the stolen black bag;

    iv. Defendant Malone and Defendant Moore proceeding to the basement of 720 East 131st Street, Cleveland, Ohio 44108, where Defendant Malone and Defendant Moore searched and emptied the contents of numerous shoe boxes;

    v. Defendant Malone and Defendant Moore placing the stolen black bag inside a shoe box and putting the shoe box inside another bag and proceeding back up-stairs;

    vi. Once up-stairs, Defendant Malone handed Defendant Moore the black bag that contained stolen contents and Defendant Moore exited the store and placed the black bag and the stolen contents therein inside an unmarked civilian car;

    vii. Defendant Moore re-entered Alyakaj Stop-N-Shop and Defendant Malone and Defendant Moore continued searching the premises, including all residential units;

    viii. Defendant Malone and Defendant Moore vacated the premises only to returned hours later with additional officers and a search warrant;

    ix. Defendant Malone and other unknown officers kicked down the door to residential unit 4, took multiple items and vacated the premises.

33. The Defendants acting individually and in conjunction with each other, unlawfully stole the following property from Plaintiff, during the unconstitutional and unlawful search of 720 East 131st Street, Cleveland, Ohio 44108 and 4407 Lucille Avenue, South Euclid, Ohio, 44121:

    i. $10,000.00 in U.S. Currency (4407 Lucille Avenue, South Euclid, Ohio, 44121);

    ii. $40,000.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);

    iii. Dewitt Diamond Ring valued at $5,000.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);

    iv. Ashcroft Diamond Earrings valued at $14,000.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);

    v. Ashcroft Diamond Earrings valued at $2,800.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);

    vi. $150.00 in U.S. Currency from cash register (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);

    vii. $136.00 in U.S. Currency from Plaintiff's persons;

    viii. Cartier Glasses valued at $3,200.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);

    ix. Cartier Glasses valued at $1,700.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);

    x. Diamonds in Cartier Glasses referenced in paragraph viii above, valued at $1,000 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);

34. Defendants, despite knowing that Plaintiff had not committed any crime, charged Plaintiff without probable cause on November 7, 2013 via a Criminal Complaint in the East Cleveland Municipal Court, in a case styled *City of East Cleveland v. Jeffrey Brown*, Case No. 13CRA01581, with:

    i. Drug Possession in violation of R.C. 2925.11 (F5) (Did have in his possession 158.00 grams of marijuana in separate packages);

    ii. Drug Trafficking in violation of R.C. 2925.03 (F5) (did have 158.00 grams of marijuana separtely wrapped for sale);

iii. Having Weapons While Under Disability in violation of R.C. 2923.13 (F3) (Did have in his possession a 9mm automatic pistol serial#eak040108);

iv. Having Weapons While Under Disability in violation of R.C. 2923.13 (F3) (Did have in his possession a 45 caliber automatic pistol serial#rbt220); and,

v. Possession of Criminal Tools in violation of R.C. 2923.24 (F5) (Did have in his possession $138.00 U.S. Currency)

35. As a result of the Defendants Criminal Complaint, Plaintiff unlawfully and unconstitutionally spent four (4) days in the East Cleveland City Jail until Plaintiff payed $2,500.00 to post bond.

36. After Plaintiff was released on bail, Defendants, despite knowing that Plaintiff had not committed any crime, the Defendants furthered their prosecution without probable cause and proceeded with criminal prosecution up through and including testimony before a Grand Jury in December of 2013, resulting in an indictment being filed against Plaintiff.[6]

37. Upon advice of counsel, and to avoid further charges being fraudulently added and/or the possibility of the maximum sentence, the Plaintiff pleaded guilty to an amended Count 4, a third-degree

---

6  Plaintiff appealed his convictions in State v. Brown, Cuyahoga App. No. 101427, 2014-Ohio-5795, 2014 Ohio App. LEXIS 5609, which reveal Plaintiff was charged via an indictment relative to the facts herein in State v. Brown,  Cuyahoga C.P. Case No. CR-13-580090-A, with a seven-count indictment, charging Plaintiff with four counts of drug trafficking, and one count each of drug possession, possessing criminal tools, and having weapons while under disability. One of the trafficking counts (Count 4) contained one-year firearm, juvenile, and schoolyard specifications, as well as four forfeiture specifications (two gun, one money, and one safe). The drug possession count (Count 5) also contained a one-year firearm specification, as well as four forfeiture specifications (two gun, one money, and one safe). The possessing criminal tools count contained four forfeiture specifications (two gun, one money, and one safe). Id., at ¶ 2.

felony, with the amendment being the deletion of the firearm, juvenile, and schoolyard specifications, and received and served 6 months in prison.

38. In 2016, the Plaintiff filed *Motion to Withdraw Guilty Plea* pursuant to Ohio Crim. R. 32.1 on the basis that his conviction and plea was constitutionally infirm in *State v. Jeffrey Brown*, Cuyahoga Case No. CR-580090, because East Cleveland Police Sergent Torris Moore, East Cleveland Narcotics Detective Antonio Malone, East Cleveland Narcotics Detective Mark Allen, and another unknown officer intentionally falsifying, fabricating and manufacturing false evidence and charges against Plaintiff, which ultimately resulted in Plaintiff's unconstitutional conviction and confinement.

39. On December 13, 2016, the State of Ohio acting through the Cuyahoga County Prosecutor's Office filed a *Motion to Vacate Conviction and Sentence* in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A, asserting Plaintiff was flagrantly deprived of his due process rights under the federal constitution and suffered a loss of liberty due to East Cleveland Police Sergent Torris Moore, East Cleveland Narcotics Detective Antonio Malone, East Cleveland Narcotics Detective Mark Allen, and another unknown officer intentionally falsifying, fabricating and manufacturing false evidence and charges against Plaintiff, which ultimately resulted in Plaintiff's

unconstitutional conviction and confinement.

40.Judge John Russo, the Administrative Judge for Cuyahoga County Common Pleas Court, conducted a hearing on the State's *Motion to Vacate Conviction and Sentence* and Plaintiff's *Motion to Withdraw Guilty Plea*, wherein former Cuyahoga County Prosecutor Timothy McGinty unequivocally stated on the record:

> **MR. McGINTY**: Your Honor, the State would like to thank everyone that we thanked before on the other cases we are dismissing, the East Cleveland Police, the chief for his cooperation.... And in addition I would also like to thank defendant's counsel in this case, because Mr. Gilbert supplied evidence that showed in this case, that docket, and I am not familiar with the facts, Tr. P. 7: 14-25, I was at one time, I don't have the recall of the Cleveland cases, but in the East Cleveland case *Mr. Gilbert supplied the evidence that showed his actual innocence. They have a video recording of the store on 131ˢᵗ where he worked and the police claim that they retrieved 83 bags of marijuana at this dealer, at the store of the defendant, and the film showed no such thing. There was not 83 bags. There is nothing but money taken by these thieving police officers,* who disgraced the uniform, disgraced the badge and are in prison where they belong.

> **THE COURT**: Thank you, Mr. McGinty.

> With that being said this Court will go ahead and grant the order of vacation of conviction filed by the State of Ohio, vacating both the sentence, plea and conviction of Mr. Brown.

See, December 29, 2016, Transcript's at P. 8: 1-20, that will be provided through discovery.

41. Judge John Russo granted the State's *Motion to Vacate Conviction and Sentence* and Plaintiff's conviction was vacated with prejudice, on April 17, 2017. The April 17, 2017 will be provided to all parties via discovery.

42. Plaintiff served sixth (6) months in prison and jail from the date he was placed in custody after being sentenced in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A.

43. The injuries for which the Plaintiffs are seeking compensation herein are for the illegal arrest and detention; assault, malicious prosecution; defamation and damage to Plaintiffs' reputations, both personal and professional; and other constitutional violations that caused the Plaintiffs harm. Said wrongs, acts, and violations have caused Plaintiffs harm, injury and damages as follows:

> A) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have been deprived of income;
>
> B) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have suffered physical harm in the form of tension, headaches, stomach aches, sleeplessness, nervousness, anxiousness, fear and dread;
>
> C) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have been forced to suffer severe emotional distress, mental anxiety, depression, and psychological trauma;
>
> D) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have sustained damages due to loss of reputation,

damage to credit reputation, and other consequential costs and damages.

E) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff has been subjected to humiliation, embarrassment, indignity and shame;

F) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have suffered injury to family and community relations amongst peers, co-workers, family members, and friends;

G) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff sustained damages in attorneys' fees expended in defending them on state criminal charges in an amount in excess of $ 20,000.00 and will incur additional legal fees in the future, to protect Plaintiffs' rights and interests from the wrongful and unlawful actions of Defendants herein;

H) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff sustained damages in attorneys' fees expended in defending them on state criminal charges in an amount in excess of $ 20,000.00 and will incur additional legal fees in the future, to protect Plaintiffs' rights and interests from the wrongful and unlawful actions of Defendants herein;

I) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have sustained damages due to disability, loss of enjoyment of life, that is, the participation in life's activities to the quality and extent normally enjoyed before the injury, experienced and which with reasonable probability will be experienced in the future;

J) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have been damaged in the reasonable value of past lost

17

business opportunities and future lost business opportunities;

K) As a direct and proximate result of the aforesaid wrongful conduct of the Defendants, Plaintiff have been damaged in the reasonable value of all consequential expenses incurred by them as a result of the conduct;

L) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiffs have sustained damages in attorneys' fees expended in defending them on state criminal charges in an amount in excess of $ 20,000.00.

M) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff has suffered deprivation of his liberty, invasion of his privacy and has otherwise suffered deprivation of his human, civil and constitutional rights in violation of the laws and constitutions of the United States and the State of Ohio;

N) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff lost six months in his children's life while in jail [Plaintiff's children was various ages; and the mothers had to care and rear Plaintiff's child];

O) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff lost his relationship with his children's mother;

P) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff lost his father who died while Plaintiff was incarcerated serving the 6 month sentence associated with the charges lodged against by the Defendants;

Q) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff suffered other damages which shall be proved with evidence offered at trial.

I, Jeffrey Brown, hereby swear that I have personal knowledge of the facts stated In paragraph 15-43 of this Complaint and that each of these facts are true, accurate and correct to the best of my knowledge, understanding and belief.

Respectfully submitted,
**JEFFREY BROWN**

_____
JEFFREY BROWN
17900 Delavan Street
Cleveland, Ohio 44119

**NOTARY ATTEST**

Sworn to, and subscribed in my presence this ___ day of December, 2017.

_____
NOTARY SIGNATURE

## V. COUNT 1: 42 U.S.C. § 1983
### Unreasonable Searches and Seizures, Including
### The right to be free from a false arrest

44. The allegations in Paragraphs 1 through 43 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

45. Plaintiff Jeffrey Brown is protected by the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, including the right to be free from a false arrest.

46. Defendants arrested and confined Plaintiff Jeffrey Brown for allegedly committing Drug Trafficking, Drug Possession, two (2) counts of Having Weapons While Under Disability, and Possession of Criminal Tools. As such, Defendants were acting under the pretense of color of

19

state law.

47. Acting without a warrant, Defendants arrested Plaintiff and confined him at the East Cleveland City Jail, in East Cleveland Ohio where they detained him and subjected him to verbal threats, harassment and intimidation for approximately four days.

48. At all times relevant to this claim, Plaintiff knew of the nature of the confinement and protested same as unfounded and unlawful. At no time did Plaintiff consent to the confinement.

49. The Defendants actions in arresting Plaintiff were wrongful, unlawful and unconstitutional given the circumstances. Defendants violated Plaintiffs' Fourth Amendment rights to be free from unreasonable search and seizure and false arrest.

50. Plaintiff were harmed and injured by the Defendants' acts.

51. Pursuant to 42 U.S.C. § 1983, the Defendants are liable for any and all injuries caused by the intentional false arrest of Plaintiff, in violation of Plaintiff's Fourth Amendment rights.

### VI. COUNT 2: 42 U.S.C. § 1983
### Unreasonable Searches and Seizures, Including
### Right to be free from Malicious Prosecution

52. The allegations in Paragraphs 1 through 51 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

53. Plaintiff Jeffrey Brown is protected by the Fourth Amendment to the

United States Constitution to be free from unreasonable searches and seizures, including the right to be free from malicious prosecution.

54. In November of 2013, Defendants, acting under the pretense of color of law, commenced criminal proceedings against Plaintiff on November 7, 2013 via a Criminal Complaint in the East Cleveland Municipal Court, in *City of East Cleveland v. Jeffrey Brown*, Case No. 13CRA01581, as follows:

    i. Drug Possession in violation of R.C. 2925.11 (F5) (Did have in his possession 158.00 grams of marijuana in separate packages);

    ii. Drug Trafficking in violation of R.C. 2925.03 (F5) (did have 158.00 grams of marijuana separately wrapped for sale);

    iii. Having Weapons While Under Disability in violation of R.C. 2923.13 (F3) (Did have in his possession a 9mm automatic pistol serial#eak040108);

    iv. Having Weapons While Under Disability in violation of R.C. 2923.13 (F3) (Did have in his possession a 45 caliber automatic pistol serial#rbt220); and,

    v. Possession of Criminal Tools in violation of R.C. 2923.24 (F5) (Did have in his possession $138.00 U.S. Currency)

55. In December of 2013, Defendants, acting under the pretense of color of law, after Plaintiff was released on bail, Defendants, despite knowing that Plaintiff had not committed any crime, furthered their prosecution without probable cause and proceeded with criminal prosecution up through and including testimony before a Grand Jury in December of 2013, resulting in an indictment being filed against

21

Plaintiff, in State v. Brown, Cuyahoga C.P. Case No. CR-13-580090-A, charging Plaintiff with four counts of drug trafficking, and one count each of drug possession, possessing criminal tools, and having weapons while under disability. One of the trafficking counts (Count 4) contained one-year firearm, juvenile, and schoolyard specifications, as well as four forfeiture specifications (two gun, one money, and one safe). The drug possession count (Count 5) also contained a one-year firearm specification, as well as four forfeiture specifications (two gun, one money, and one safe). The possessing criminal tools count contained four forfeiture specifications (two gun, one money, and one safe).

56. Defendants commenced these criminal proceedings without probable cause. Defendants knew or should have known that Plaintiff did not commit any of the crimes charged against him.

57. Defendants did not fairly or adequately investigate the criminal accusations against Plaintiff. Such inadequacy rises to a breach of the Defendants duty to investigate.

58. Defendants commenced these criminal proceedings with intent to harass, embarrass, humiliate, and ridicule Plaintiff. Defendants acted with malice against Plaintiff in commencing these meritless criminal accusations and depriving Plaintiff of his liberty.

59. On April 17, 2017, all criminal charges against Plaintiff were

22

dismissed by Judge John J. Russo, with prejudice. This result exonerated Plaintiff and alleviated all criminal allegations against Plaintiff.

60. Plaintiff suffered injury and harm as a result of Defendants' acts.

61. Pursuant to 42 U.S.C. § 1983, the Defendants are liable for injuries caused by the malicious prosecution of Plaintiff, in violation of Plaintiff's Fourth Amendment right.

**VII. COUNT 3: 42 U.S.C. § 1983**
**Right to Due Process, Including the Right to be Free from**
**Unlawful State interference with Fundamental Liberties**

62. The allegations in Paragraphs 1 through 61 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

63. The substantive protection guaranteed by the Fourteenth Amendment to the United States Constitution protects Plaintiff against State interference of fundamental liberties.

64. In November of 2013, Defendants acting with deliberate indifference, began harassing the Plaintiffs in order to pursue a fraudulent criminal accusation.

65. Defendants failed to properly investigate the criminal accusations against Plaintiff. The Defendants knew or should have known that Plaintiff did not commit the crimes alleged.

66. Defendants fabricated and manufactured evidence, in order to pursue

the meritless criminal accusations against Plaintiff.

67. Defendants participated and initiated unlawful investigatory behavior inasmuch as they lied, harassed and otherwise used authority of law to harm the Plaintiff.

68. Defendants knew or should have known that the factual basis upon which they relied was *prima facie* insufficient to sustain a criminal charges of:

    i. Drug Possession in violation of R.C. 2925.11 (F5) (Did have in his possession 158.00 grams of marijuana in separate packages);

    ii. Drug Trafficking in violation of R.C. 2925.03 (F5) (did have 158.00 grams of marijuana separtely wrapped for sale);

    iii. Having Weapons While Under Disability in violation of R.C. 2923.13 (F3) (Did have in his possession a 9mm automatic pistol serial#eak040108);

    iv. Having Weapons While Under Disability in violation of R.C. 2923.13 (F3) (Did have in his possession a 45 caliber automatic pistol serial#rbt220);

    v. Possession of Criminal Tools in violation of R.C. 2923.24 (F5) (Did have in his possession $138.00 U.S. Currency); and for:

    vi. An indictment being filed against Plaintiff, in State v. Brown, Cuyahoga C.P. Case No. CR-13-580090-A, charging Plaintiff with four counts of drug trafficking, and one count each of drug possession, possessing criminal tools, and having weapons while under disability. One of the trafficking counts (Count 4) contained one-year firearm, juvenile, and schoolyard specifications, as well as four forfeiture specifications (two gun, one money, and one safe). The drug possession count (Count 5) also contained a one-year firearm specification, as well as four forfeiture specifications (two gun, one money, and one safe). The possessing criminal tools count contained four forfeiture specifications (two gun, one money, and one safe).

69. Defendants City of East Cleveland, East Cleveland Police Department, and ABC & XYZ Insurance Carriers, knew or should have known of the unlawful propensities and acts of Defendants Moore, Allen, Malone, John Doe 1 and John Doe 2.

70. Defendants, acting under the pretense of color of state law, violated Plaintiffs' Fourteenth Amendment rights.

71. The Plaintiff was subjected to harm and injury as a result of Defendants' acts depriving Plaintiff of his rights.

72. Pursuant to 42 U.S.C. § 1983, the Defendants are liable for any and all injuries caused by the substantive due process violations of Plaintiff, in violation of Plaintiff's Fourteenth Amendment rights.

### VIII. COUNT 4 & 5: 42 U.S.C. § 1983
### Fourteenth Amendment Due Process Right, Including the Right to be Free from Unlawful State interference with Fundamental Liberties

73. The allegations in Paragraphs 1 through 72 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

74. Defendants violated Plaintiffs' right to be free from the State's abuse of process pursuant to the Fourteenth Amendment of the United States and the Ohio Constitutions.

75. Defendants were acting under the pretense of color of state law.

76. Defendant commenced the criminal investigations and subsequent criminal charges against Plaintiff in order to pursue personal

objectives against Plaintiff and not consistent with any lawful purpose.

77. As such, Defendants abused lawful process and subjected Plaintiff to harm and injury.

78. The Defendants are liable for any and all injuries caused by the abuse of lawful process for Plaintiff, in violation of Plaintiff's Constitutional Fourteenth Amendment rights.

### IX. <u>COUNT 6: 42 U.S.C. § 1983</u>
### <u>Failure to Properly Hire, Train, Instruct, etc.</u>

79. The allegations in Paragraphs 1 through 78 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

80. Defendants City of East Cleveland and East Cleveland Police Department failed to:

    i. Properly hire, train, instruct, discipline and/or supervise Defendants Moore, Allen, Malone, John Doe 1 and John Doe 2, who are officers under their authority; and,

    ii. Adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department;

81. Moreover, Defendants City of East Cleveland and East Cleveland Police Department did not properly reprimand Defendants Moore, Allen, Malone, John Doe 1 and John Doe 2 for unacceptable actions and behavior while carrying out their employment duties.

82. On information and belief, Defendants City of East Cleveland and East

Cleveland Police Department have a custom, policy, and practice of not reprimanding improper investigatory behavior.

83. Upon information and belief, Defendants City of East Cleveland and East Cleveland Police Department have a custom, policy and practice which fails to properly train their officers on lawful investigatory and criminal procedures.

84. Plaintiffs were injured and harmed by Defendants City of East Cleveland and East Cleveland Police Department and demand compensatory and punitive damages.

85. Pursuant to 42 U.S.C. § 1983, the Defendants City of East Cleveland and East Cleveland Police Department are liable for any and all injuries resulting from any Constitutional violations against Plaintiff.

## X. COUNT 7: 42 U.S.C. § 1985
## Conspiracy to Violate Civil Rights

86. The allegations in Paragraphs 1 through 85 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

87. Defendants, and each of them, acting under color of state law, conspired to deprive, and did deprive, Plaintiff of his rights under the laws of the United States.

88. Specifically, Defendants conspired to and conspired with each other, to unlawfully deprive Plaintiff of his business, to-wit: Alyakaj Stop-N-Shop, U.S. Currency, and of Plaintiff's liberty. The conduct of

Defendant City of East Cleveland, City of East Cleveland Police Department, Moore, Torris, Malone and John Doe 1 and 2, and each of them, interfered with Plaintiffs' rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

89. Defendant City of East Cleveland, City of East Cleveland Police Department, Moore, Torris, Malone and John Doe 1 and 2, and each of them, engaged in said conspiracies for the purpose of depriving Plaintiffs of equal protection of the laws of the State of Ohio and of the United States, and depriving Plaintiff of his rights under the Constitutions of the United States and the State of Ohio.

90. Defendants, and each of them, took several acts in furtherance of the conspiracy, including but not limited to: committing theft, robbery, assault, extortion, for the purpose of deprive Plaintiff of his property interest in Alyakaj Stop-N-Shop, U.S. Currency, and of Plaintiff's liberty, as alleged hereinabove.

91. Plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourth Amendment that protect against unreasonable seizure, and those under the Due Process Clause of the Fourteenth Amendment.

92. As the direct and proximate result of these Defendants' actions, Plaintiff have suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to

28

proof at trial. Plaintiff have also incurred, and will continue to incur, attorney's fees, costs and expenses, including those authorized by 42 U.S.C.A § 1988, to an extent and in an amount subject to proof at trial.

93. On information and belief, Defendant City of East Cleveland, City of East Cleveland Police Department, Moore, Torris, Malone and John Doe 1 and 2, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff are entitled to an award of punitive damages for the purpose of punishing Defendant City of East Cleveland, City of East Cleveland Police Department, Moore, Allen, Malone and John Doe 1 and 2, and to deter them and others from such conduct in the future.

### XI. COUNT 8: 42 U.S.C. § 1986
### (Neglect to Prevent Conspiracy)

94. The allegations in Paragraphs 1 through 93 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

95. Plaintiff is informed and believes and thereon alleges that each of the defendants is a person within the meaning of 42 U.S.C. Section 1986.

96. The Defendant City of East Cleveland and City of East Cleveland Police Department had knowledge of the conspiracy to commit the wrongs alleged in the preceding cause of action, knew those wrongs

were about to be committed, and had the power to prevent or aid in preventing the commission of those wrongs, but neglected or refused to do so, and the wrongful acts were committed as a result.

97. As a direct, proximate, and legal result of this neglect or refusal to prevent the wrongful acts and the conspiracy to commit them, Plaintiff has sustained and suffered the injuries and damages alleged in the preceding cause of action.

98. As a further legal, direct, and proximate result of this conduct of defendants, plaintiff has incurred and paid, and will continue to incur and pay, attorneys' fees and litigation costs in the prosecution of this action, and the Plaintiff is entitled to compensation and reimbursement for those fees and costs in an amount according to proof pursuant to 42 U.S.C. Section 1988.

99. Defendant City of East Cleveland, City of East Cleveland Police Department, Moore, Allen, Malone and John Doe 1 and 2 were guilty of oppression, fraud, or malice in doing the things alleged herein. Therefore, Plaintiff is entitled to punitive and exemplary damages from those Defendants.

## XII. COUNT 9: 42 U.S.C. § 1986
### (Neglect to Prevent Conspiracy)

100. The allegations in Paragraphs 1 through 99 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

101. Plaintiff is informed and believes and thereon alleges that each of the defendants is a person within the meaning of 42 U.S.C. Section 1986.

102. Defendant Moore, Allen, Malone and John Doe 1 and 2 had knowledge of the conspiracy to commit the wrongs alleged in Count 7 of this Complaint, knew those wrongs were about to be committed, and had the power to prevent or aid in preventing the commission of those wrongs, but neglected or refused to do so, and the wrongful acts were committed as a result.

103. As a direct, proximate, and legal result of this neglect or refusal to prevent the wrongful acts and the conspiracy to commit them, Plaintiff has sustained and suffered the injuries and damages alleged in the preceding cause of action.

104. As a further legal, direct, and proximate result of this conduct of defendants, plaintiff has incurred and paid, and will continue to incur and pay, attorneys' fees and litigation costs in the prosecution of this action, and the Plaintiff is entitled to compensation and reimbursement for those fees and costs in an amount according to proof pursuant to 42 U.S.C. Section 1988.

105. Defendant Moore, Allen, Malone and John Doe 1 and 2 were guilty of oppression, fraud, or malice in doing the things alleged herein. Therefore, Plaintiff is entitled to punitive and exemplary damages

from those Defendants.

### XIII. <u>COUNT 10: CIVIL CONSPIRACY</u>

106. The allegations in Paragraphs 1 through 105 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

107. Defendant City of East Cleveland, City of East Cleveland Police Department, Moore, Allen, Malone and John Doe 1 and 2 engaged in a malicious combination involving at least two people or entities.

108. Defendants malicious combination caused injury to Plaintiff.

109. There exists an unlawful act independent from the conspiracy itself.

110. In furtherance of their agreement and understanding, the Defendants knowingly and intentionally:

   a) committed Aggravated Robbery in violation of R.C. § 2911.01(A)(1), R.C. § 2911.01(A)(2) and R.C. § 2911.01(A)(3); Robbery in violation of R.C. § 2911.02(A)(1), R.C. § 2911.02(A)(2) and R.C. § 2911.02(A)(3); Theft in violation of R.C. § 2913.02(A)(1), R.C. § 2913.02(A)(4) and R.C. § 2913.02(A)(5); Aggravated Burglary in violation of R.C. § 2911.11(A)(1) and R.C. § 2911.11(A)(2); Burglary in violation of R.C. § 2911.12(A)(1), R.C. § 2911.12(A)(2), R.C. § 2911.12(A)(3) and R.C. § 2911.12(B); Felonious Assault in violation of R.C. § 2903.11(A)(2); Assault in violation of R.C. § 2903.13(A) and R.C. § 2903.13(A); Kidnapping in violation of R.C. § 2905.01(A)(2), R.C. § 2905.01(A)(3), R.C. § 2905.01(A)(5) and R.C. § 2905.01(A)(6); Abduction in violation of R.C. § 2905.02(A)(1) and R.C. § 2905.02(A)(2) and R.C. § 2905.02(A)(3); Unlawful Restraint in violation of R.C. § 2905.03(A); and Extortion in violation of R.C. § 2905.11, for the purposes of depriving Plaintiff of U.S. Currency, financial business opportunities and Plaintiff's liberty.

111. As a result, Plaintiff suffered damages as follows:

a) hundreds of thousands to millions of dollars in lost profits;,

b) became insolvent and has ceased its business operations; and,

c) Incurred expenses and suffered damages in an amount to be proven at trial.

### XIV. COUNT 10: Violation of Racketeer Influenced and Corrupt Organizations Act 18 U.S.C §§ 1962(c), 1962(d), and 1964(c)

112. The allegations in Paragraphs 1 through 111 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

113. Defendants have violated the Racketeer Influenced and Corrupt Organizations Act, Federal Statutes, Title 18 of the United States Code, Sections 1962(c), 1962(d), and 1964(c), in that Defendants conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, exercised significant control over and within the enterprise, and/or participated in the conduct of the enterprise's affairs resulting in injury to the Plaintiff.

114. Each of the Defendants is a "person" as that term is defined in 18 U.S.C. § 1961(3).

115. Defendant City of East Cleveland, City of East Cleveland Police Department, Moore, Allen, Malone and John Doe 1 and 2, along with others, willfully combined, conspired, and agreed to form an association in fact which constitutes an "Enterprise" under 18 U.S.C. §

1961(4). This Enterprise was and is engaged in, and its activities affect, interstate commerce. The Defendants were associated with the Enterprise at all times relevant to the events alleged herein.

116. Other persons who willfully combined, conspired and agreed with the RICO Defendants[7] to conduct and participate, directly and indirectly, in the conduct of the affairs of this Enterprise through a pattern of racketeering activity include, but are not limited to, the other RICO Defendants, and other law enforcement agents (as yet unknown) who identified and targeted potential drug dealers to:

    a) committed Aggravated Robbery in violation of R.C. § 2911.01(A)(1), R.C. § 2911.01(A)(2) and R.C. § 2911.01(A)(3); Robbery in violation of R.C. § 2911.02(A)(1), R.C. § 2911.02(A)(2) and R.C. § 2911.02(A)(3); Theft in violation of R.C. § 2913.02(A)(1), R.C. § 2913.02(A)(4) and R.C. § 2913.02(A)(5); Aggravated Burglary in violation of R.C. § 2911.11(A)(1) and R.C. § 2911.11(A)(2); Burglary in violation of R.C. § 2911.12(A)(1), R.C. § 2911.12(A)(2), R.C. § 2911.12(A)(3) and R.C. § 2911.12(B); Felonious Assault in violation of R.C. § 2903.11(A)(2); Assault in violation of R.C. § 2903.13(A) and R.C. § 2903.13(A); Kidnapping in violation of R.C. § 2905.01(A)(2), R.C. § 2905.01(A)(3), R.C. § 2905.01(A)(5) and R.C. § 2905.01(A)(6); Abduction in violation of R.C. § 2905.02(A)(1) and R.C. § 2905.02(A)(2) and R.C. § 2905.02(A)(3); Unlawful Restraint in violation of R.C. § 2905.03(A); and Extortion in violation of R.C. § 2905.11,

117. The RICO Defendants knowingly devised and participated in a scheme whereby they: committed Aggravated Robbery in violation of R.C. § 2911.01(A)(1), R.C. § 2911.01(A)(2) and R.C. § 2911.01(A)(3); Robbery in violation of R.C. § 2911.02(A)(1), R.C. § 2911.02(A)(2) and

---

7. The RICO Defendants include City of East Cleveland, City of East Cleveland Police Department, Moore, Allen, Malone and John Doe 1 and 2.

R.C. § 2911.02(A)(3); Theft in violation of R.C. § 2913.02(A)(1), R.C. § 2913.02(A)(4) and R.C. § 2913.02(A)(5); Aggravated Burglary in violation of R.C. § 2911.11(A)(1) and R.C. § 2911.11(A)(2); Burglary in violation of R.C. § 2911.12(A)(1), R.C. § 2911.12(A)(2), R.C. § 2911.12(A)(3) and R.C. § 2911.12(B); Felonious Assault in violation of R.C. § 2903.11(A)(2); Assault in violation of R.C. § 2903.13(A) and R.C. § 2903.13(A); Kidnapping in violation of R.C. § 2905.01(A)(2), R.C. § 2905.01(A)(3), R.C. § 2905.01(A)(5) and R.C. § 2905.01(A)(6); Abduction in violation of R.C. § 2905.02(A)(1) and R.C. § 2905.02(A)(2) and R.C. § 2905.02(A)(3); Unlawful Restraint in violation of R.C. § 2905.03(A); and Extortion in violation of R.C. § 2905.11. The RICO Defendants devised and participated in this scheme with the intent to deprive Plaintiff and at least forty (40) other individuals of their income, U.S. Currency, etc.

118. To implement the scheme and generate profits for themselves, the RICO Defendants committed a pattern of acts or caused a pattern of acts, as described herein, to be committed by means of, inter alia, manufacturing and fabricating false evidence, making intentional misrepresentations for the purpose of obtaining and receiving search and arrest warrants and indictments against Plaintiff and at least forty (40) other individuals.

119. The RICO Defendants engaged in a pattern of racketeering activity,

as defined in 18 U.S.C. § 1961(5) by committing a pattern of acts of Aggravated Robbery in violation of R.C. § 2911.01(A)(1), R.C. § 2911.01(A)(2) and R.C. § 2911.01(A)(3); Robbery in violation of R.C. § 2911.02(A)(1), R.C. § 2911.02(A)(2) and R.C. § 2911.02(A)(3); Theft in violation of R.C. § 2913.02(A)(1), R.C. § 2913.02(A)(4) and R.C. § 2913.02(A)(5); Aggravated Burglary in violation of R.C. § 2911.11(A)(1) and R.C. § 2911.11(A)(2); Burglary in violation of R.C. § 2911.12(A)(1), R.C. § 2911.12(A)(2), R.C. § 2911.12(A)(3) and R.C. § 2911.12(B); Felonious Assault in violation of R.C. § 2903.11(A)(2); Assault in violation of R.C. § 2903.13(A) and R.C. § 2903.13(A); Kidnapping in violation of R.C. § 2905.01(A)(2), R.C. § 2905.01(A)(3), R.C. § 2905.01(A)(5) and R.C. § 2905.01(A)(6); Abduction in violation of R.C. § 2905.02(A)(1) and R.C. § 2905.02(A)(2) and R.C. § 2905.02(A)(3); Unlawful Restraint in violation of R.C. § 2905.03(A); and Extortion in violation of R.C. § 2905.11. These acts of racketeering had the same or similar purposes, results, participants, and scheme, and were not isolated events.

120. The RICO Defendants concealed the pattern of racketeering from Plaintiff.

121. As a direct and proximate result of the acts as alleged herein, and the RICO Defendants' violations of 18 U.S.C. §§ 1962(c) and 1962(d), Plaintiffs have suffered substantial economic injury and injury to their

property.

**XV. COUNT 11: Violation of Ohio RICO Statute; R.C. 2923.31-36**

122. The allegations in Paragraphs 1 through 121 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

123. Acting against Plaintiff and at least 40 other individuals, Defendants conspired to commit and committed multiple acts of corrupt activity including Aggravated Robbery in violation of:

> R.C. § 2911.01(A)(1), R.C. § 2911.01(A)(2) and R.C. § 2911.01(A)(3); Robbery in violation of R.C. § 2911.02(A)(1), R.C. § 2911.02(A)(2) and R.C. § 2911.02(A)(3); Theft in violation of R.C. § 2913.02(A)(1), R.C. § 2913.02(A)(4) and R.C. § 2913.02(A)(5); Aggravated Burglary in violation of R.C. § 2911.11(A)(1) and R.C. § 2911.11(A)(2); Burglary in violation of R.C. § 2911.12(A)(1), R.C. § 2911.12(A)(2), R.C. § 2911.12(A)(3) and R.C. § 2911.12(B); Felonious Assault in violation of R.C. § 2903.11(A)(2); Assault in violation of R.C. § 2903.13(A) and R.C. § 2903.13(A); Kidnapping in violation of R.C. § 2905.01(A)(2), R.C. § 2905.01(A)(3), R.C. § 2905.01(A)(5) and R.C. § 2905.01(A)(6); Abduction in violation of R.C. § 2905.02(A)(1) and R.C. § 2905.02(A)(2) and R.C. § 2905.02(A)(3); Unlawful Restraint in violation of R.C. § 2905.03(A); Extortion in violation of R.C. § 2905.11; Conspiracy against Rights, in violation of 18 U.S.C. § 241; (2) Hobbs Act conspiracy in violation of 18 U.S.C. § 1951; (3) two counts of theft concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A); and (4) false statement to law enforcement, in violation of 18 U.S.C. § 1001.

124. Defendants were involved in a pattern of corrupt activity consisting of two or more incidents of corrupt activity including multiple acts of

37

the aforementioned Ohio and Federal Statutes.

125. The Defendant City of East Cleveland, City of East Cleveland Police Department, Moore, Allen, Malone and John Doe 1 and 2, are distinct entities separate and apart from each other.

126. Defendants conspired to commit and committed predicate offenses listed in: R.C. § 2911.01(A)(1), R.C. § 2911.01(A)(2), R.C. § 2911.01(A)(3), R.C. § 2911.02(A)(1),  R.C. § 2911.02(A)(2), R.C. § 2911.02(A)(3), R.C. § 2913.02(A)(1), R.C. § 2913.02(A)(4), R.C. § 2913.02(A)(5), R.C. § 2911.11(A)(1), R.C. § 2911.11(A)(2), R.C. § 2911.12(A)(1), R.C. § 2911.12(A)(2), R.C. § 2911.12(A)(3), R.C. § 2911.12(B), R.C. § 2903.11(A)(2), R.C. § 2903.13(A), R.C. § 2903.13(A), R.C. § 2905.01(A)(2), R.C. § 2905.01(A)(3), R.C. § 2905.01(A)(5), R.C. § 2905.01(A)(6), R.C. § 2905.02(A)(1), R.C. § 2905.02(A)(2), R.C. § 2905.02(A)(3), R.C. § 2905.03(A), R.C. § 2905.11, 18 U.S.C. § 241, 18 U.S.C. § 1951, 18 U.S.C. § 666(a)(1)(A); 18 U.S.C. § 1001 18 U.S.C. § 1961 (1)(B), (C), (D),(E).

127. Defendants are persons, who, did while employed by, or associated with, an enterprise conducted or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity as defined by O.R.C. § 2923.31(E), and deprived Plaintiff of U.S. Currency and his liberty.

128. The Defendants' activities described above caused harm to the

Plaintiff and constitute a violation of O.R.C. § 2923.32.

## XVI.COUNT 12:  Defamation/Libel/Slander

129.The allegations in Paragraphs 1 through 128 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

130.Defendants defamed, libeled, and slandered plaintiff in writing and orally, via the Complaint in *City of East Cleveland v. Jeffrey Brown*, Case No. 13CRA01581, and Indictment in State v. Brown, Cuyahoga C.P. Case No. CR-13-580090-A. Plaintiff is informed and believes that defendants published or republished defamatory statements knowing the statements were false and defamed Plaintiff in reckless disregard of whether the matter was false and defamed plaintiff, or having negligently failed to learn whether the matter published or republished was false and defamed plaintiff. The false statements tended directly to injure the plaintiff in respect to the plaintiff's profession, office, or trade by imputing to plaintiff general disqualification with regard to the requirements of plaintiff's office, profession, or trade, or by imputing to plaintiff qualities that had a natural tendency to lessen plaintiff's success in his office, profession, or trade.

131.In addition to the slanderous and libelous statements described in the Complaint in *City of East Cleveland v. Jeffrey Brown*, Case No.

13CRA01581, and Indictment in State v. Brown, Cuyahoga C.P. Case No. CR-13-580090-A, the plaintiff is informed and believes and thereon alleges that the defendants, and each of them, have made false statements about the plaintiff's professional abilities, professional skill, and conduct such that the false statements have and will prevent the plaintiff from obtaining other employment.

132. The defamatory statements had no purpose other than to damage plaintiff's reputation and damage plaintiff's ability to keep, perform and abide by contracts formed through his business, Alyakaj Stop-N-Shop, as well as obtain future contracts with ventures. The defamatory statements caused the plaintiff to suffer special damages in amounts subject to proof.

133. As a direct, proximate, and legal result of the conduct of defendants, Plaintiff has lost, and will continue to lose, income, earnings, earning capacity, and employment benefits in amounts according to proof. As a further legal result of the conduct of defendants, Plaintiff has suffered, and will continue to suffer from physical injuries, physical sickness, mental distress, and emotional distress. To treat the injuries, sickness, and distress resulting from the conduct of defendants, it will be necessary for Plaintiff to hire physicians and healthcare providers and incur expenses for that care in amounts according to proof. As a further legal result of the conduct of defendants, Plaintiff has

sustained incidental, consequential, and general damages in amounts according to proof.

134. The individual defendants did these things in the course and scope of their employment by the Defendant City of East Cleveland and the Defendant City of East Cleveland Police Department, and/or the Defendant City of East Cleveland and the Defendant City of East Cleveland Police Department ratified this conduct, such that the Defendant City of East Cleveland and the Defendant City of East Cleveland Police Department is liable for this conduct and the resulting injuries, distress, and damages.

135. Defendants Malone, Moore, Allen, John Doe 1 and John Doe 2, were guilty of oppression, fraud, or malice in doing the things alleged herein. Therefore, Plaintiff is entitled to punitive and exemplary damages from those defendants.

## XVII. COUNT 13:   Infliction of Emotional Distress

136. The allegations in Paragraphs 1 through 135 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

137. In concocting false and unfounded charges and allegations against the Plaintiff and using those false charges and allegations to take the U.S. Currency, business, past, present and future business opportunities, and liberty, in making false and damaging statements

about plaintiff, and in engaging in the other conduct alleged herein, the defendants, and each of them, engaged in outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress. As a proximate and legal result, plaintiff suffered severe emotional distress.

138. The individual defendants did these things in the course and scope of their employment by the Defendant City of East Cleveland and the Defendant City of East Cleveland Police Department, and/or the Defendant City of East Cleveland and the Defendant City of East Cleveland Police Department ratified this conduct, such that the the Defendant City of East Cleveland and the Defendant City of East Cleveland Police Department is liable for this conduct and the resulting injuries, distress, and damages.

139. As a direct, proximate, and legal result of the conduct of defendants, Plaintiff has lost, and will continue to lose, income, earnings, earning capacity, and employment benefits in amounts according to proof. As a further legal result of the conduct of defendants, plaintiff has suffered, and will continue to suffer from physical injuries, physical sickness, mental distress, and emotional distress. To treat the injuries, sickness, and distress resulting from the conduct of defendants, it will be necessary for Plaintiff to hire physicians and healthcare providers and incur expenses for that care in amounts according to proof. As a

further legal result of the conduct of defendants, plaintiff has sustained incidental, consequential, and general damages in amounts according to proof.

140. Defendants Malone, Moore, Allen, John Doe 1 and John Doe 2, were guilty of oppression, fraud, or malice in doing the things alleged herein. Therefore, Plaintiff is entitled to punitive and exemplary damages from those defendants.

## XVIII. COUNT 14: Battery

141. The allegations in Paragraphs 1 through 140 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

142. The Defendants, acting in conjunction with each other, unlawfully and intentionally pressed a gun in Plaintiff's ribs, with great force and violence.

143. The action of the defendants was malicious.

144. As a result thereof plaintiff sustained bruising and caused Plaintiff great pain and suffering.

145. Plaintiff will be expected to incur expenses in the future in an amount to be proven at trial.

146. As a direct and proximate result of Defendant's conduct as described herein, Plaintiff have been damaged in an amount in excess of one million dollars.

## XIX. COUNT 15: Assault

147. The allegations in Paragraphs 1 through 146 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

148. The Defendants, acting in conjunction with each other, Defendants threatened Plaintiff with great bodily harm with a gun on East 131st Street, Cleveland, Ohio 44108, causing Plaintiff to fear for his life.

149. Said assault was intentional and malicious.

150. As a result of said assault, Plaintiff became emotionally upset, necessitating Plaintiff to self medicate and use drugs.

151. Plaintiff has loss of earnings in an amount to be proven at trial, and further expenses will be incurred in the future as Plaintiff's mental health has been permanently impaired.

152. Plaintiff has incurred and will incur reasonable attorney fees in an amount to be proven at trial.

153. As a direct and proximate result of Defendant's conduct as described herein, Plaintiff have been damaged in an amount in excess of one

## XX. COUNT 16: Loss of Consortium

154. The allegations in Paragraphs 1 through 153 are incorporated by reference with the same force and effect as if the same were fully set forth herein.

155. Plaintiff relation with his fiance and mother of his children has been

negatively affected and altered due to the Defendants' actions against Plaintiff. As such, Plaintiff is entitled to damages for loss of consortium.

156. Defendants' actions against Plaintiff has affected Plaintiff social and family life inasmuch as his happiness and general welfare have been disturbed. Plaintiff was deprived of his comfort and companionship and suffered extreme disruption to his daily life.

157. Plaintiff suffered harm and injury from the Defendants' acts.

158. The Defendants caused such harm and are liable to the Plaintiff in damages in an amount in excess of one million dollars.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff demand judgment for each cause of action set forth above as follows:

1. Awarding Compensatory damages to Plaintiff in the amount of one million dollars for each cause of action in the amount of $16,000,000.00 (SIXTEEN MILLION DOLLARS).

2. Awarding the Plaintiff punitive damages in the amount of $16,000,000.00 (SIXTEEN MILLION DOLLARS).

3. Awarding Plaintiff damages in an amount in excess of $300,000.00 (THREE HUNDRED THOUSAND DOLLARS), for past, present and future attorney's fees and other cost which Plaintiff is entitled to recover under 42 U.S.C. § 1988.

4. For such other and further relief as the court may deem just and proper.

Respectfully submitted,
**JEFFREY BROWN**
Plaintiff

45

_(signature)_

JEFFREY BROWN
17900 Delavan Street
Cleveland, Ohio 44119

## CERTIFICATE OF SERVICE

I, Jeffrey Brown, hereby certify that a true and accurate copy of the foregoing *Complaint* was sent to the Clerk for the United States District Court for the Northern District of Ohio, Carl B. Stokes U.S. Courthouse, 801 W. Superior Ave, Room 400, Cleveland, Ohio 44113, this 16ᵗʰ day of January, 2018, via regular U.S. Mail.

Respectfully submitted,
**JEFFREY BROWN**
Plaintiff

_(signature)_

JEFFREY BROWN
17900 Delavan Street
Cleveland, Ohio 44119

**Instructions to the Clerk:** Please serve a copy of the foregoing Summons and Complaint upon the Defendants at the address listed in the caption herein, by certified U.S. Mail, return receipt requested.

46