**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY BROWN, | ) | CASE NO: 1:18CV192 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CITY OF EAST CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| | ) | |

This case is before the Court upon referral for pre-trial supervision, entered May 16, 2018. (Doc. No. 9.) For the reasons that follow, it is recommended this matter be dismissed without prejudice for failure to prosecute. It is further recommended that counsel for Defendant City of East Cleveland be assessed a fine in the amount of $100 as a sanction for her repeated failure to obey Orders of this Court.

**I.     Procedural Background**

On January 25, 2018, Plaintiff Jeffrey Brown filed a *pro se* Complaint against Defendants City of East Cleveland, City of East Cleveland Police Department, and East Cleveland Police Officer Mark Allen (hereinafter the "City of East Cleveland Defendants"); former East Cleveland police officers Torris Moore and Antonio Malone; John Does 1-2; and "ABC & XYZ Insurance Carriers Providing Occurrence Coverage for Police Activities." (Doc. No. 1.)

1

Plaintiff alleges numerous state and federal claims arising from his arrest, prosecution, and imprisonment for various drug and weapons charges.  (*Id.*)

On May 16, 2018, this matter was referred to the undersigned for general pretrial supervision.  (Doc. No. 9.)

On June 22, 2018, Defendants the City of East Cleveland, the East Cleveland Police Department, and City of East Cleveland Police Officers Mark Allen filed a Motion to Dismiss for Failure to State a Claim.[1]  (Doc. No. 12.)  Plaintiff did not file a response to Defendants' motion.

On June 26, 2018, the Court issued a Case Management Conference Scheduling Order. (Doc. No. 13.)  This Order set a telephonic CMC for July 13, 2018 and expressly required that "Lead counsel and all *pro se* litigants shall participate in the CMC."  (*Id*. at 2) (emphasis added). It further stated that "Plaintiff shall arrange with opposing counsel for the meeting of the parties as required by Fed. R. Civ. P. 26(f) and LR 16.3(b)(3)."  (*Id*. at 3.)  A report of this planning meeting was required to be jointly signed and submitted to the Clerk for filing no less than five business days before the CMC.  (*Id*.)

On that same date, the Court mailed a copy of the CMC Scheduling Order, the *Pro Se* Litigants' Guide, and the Court's Telephone Conference Bridge Instructions to Plaintiff at the address he provided in his Complaint.  On July 2, 2018, these documents were returned to the Court marked "address invalid" and "unable to forward."  (Doc. No. 15.)

The record reflects the parties failed to file a Parties' Planning Report as required by the

---

[1] The Court notes Defendants Moore and Malone have not entered an appearance in this case.  Neither of these Defendants have answered or otherwise responded to either the Complaint.

2

CMC Scheduling Order. Moreover, despite having been ordered to do so, neither party appeared for the July 13, 2018 telephonic CMC. (Doc. No. 16.) In an effort to move the case forward, the Court nonetheless issued a CMC Order, in which it set case management deadlines that it believed were reasonable based on the pleadings to date. (*Id*.) In addition, in the CMC Order, the Court expressly ordered as follows:

> A telephonic conference with counsel and clients will be held **on July 24, 2018, at 9:30 a.m. Failure to participate in this conference may result in sanctions, including the imposition of fines and/or dismissal of this action.**

(*Id*. at 4) (emphasis in original).

The record reflects neither party appeared for the telephonic status conference scheduled for Tuesday, July 24, 2018. (Doc. No. 17.)

**II.     Failure to Prosecute**

    **A.     Legal Standard**

"It is well-settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint,* 723 F.3d 700, 704 (6th Cir. 2013)(citing *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). However, dismissal of a matter for failure to prosecute is a "harsh sanction" which should only be entered in "extreme situations." *Carpenter,* 723 F.3d at 704 (citing *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005)).

The Sixth Circuit has held "a district court has three different sources of authority to dismiss a case for failure to prosecute." *Rogers v. City of Warren*, 302 Fed. Appx 371, 375 (6th Cir. Nov. 26, 2008). *See also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094, n. 1 (6th Cir.1994). The first source is Fed. R. Civ. P. 16(f), which permits dismissal under Fed. R. Civ.

P. 37(b)(2)(A)(v) when a party or its attorney fails to appear at a scheduling or other pretrial conference. *See* Fed. R. Civ. P. 16(f)(1)(A). The second source is Fed. R. Civ. P. 41(b), which permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order. The third source is the court's inherent power to "protect [ ] the due and orderly administration of justice, and ... maintain[ ] the authority and dignity of the court...." *Bowles v. City of Cleveland*, 129 Fed. Appx 239, 241 (6th Cir. 2005) (unpublished) (citing *Cooke v. United States*, 267 U.S. 517, 539, 45 S.Ct. 390, 69 L.Ed. 767 (1925)).

Analysis under all three sources is governed by the same standard. The Sixth Circuit applies the following four-factor test to assess the appropriateness of a district court's decision to involuntarily dismiss a complaint:

> 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*See Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001). *See also U.S. v. $506,069.09 Seized from First Merit Bank*, 664 Fed Appx 422, 427 (6th Cir. Oct. 25, 2016); *Rogers*, 302 Fed. App'x at 376; *WRK Rarities, LLC v. U.S.*, 2014 WL 7507282 at * 1 (N.D. Ohio Nov. 26, 2014). The above factors (the "*Mulbah* factors") balance the competing concerns of "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims" with the preference for disposition of cases on their merits. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

While *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by

4

*pro se* plaintiffs may still be subject to dismissal if the plaintiff fails to follow court orders. *McConnell v. Comm'r of Soc. Sec.*, 2014 WL 2155090 at * 2 (N.D. Ohio May 22, 2014). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

To support a finding a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu*, 420 F.3d at 643. *See also U.S. v. $506,069.09 Seized from First Merit Bank*, 664 Fed Appx at 428. However, with regards to the first factor, "the burden of showing that a failure to comply with court orders and discovery requests was due to inability, not willfulness or bad faith, rests with the individual against whom sanctions are sought." *Jackson v. Sterilite Corp.,* 2014 WL 5307911 at *2 (N.D. Ohio Oct. 16, 2014)(citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

The Sixth Circuit has held, for purposes of the second factor, a defendant is prejudiced by the plaintiff's conduct where the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Rogers*, 302 Fed. App'x at 378. *See also Wu*, 420 F.3d at 644; *U.S. v. $506,069.09 Seized from First Merit Bank*, 664 Fed App'x at 429.

As for the third factor, "[p]rior notice, or the lack thereof, is . . . a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to

prosecute. *See U.S. v. $506,069.09 Seized from First Merit Bank*, 664 Fed Appx at 430. Indeed, the Sixth Circuit "has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Wu*, 420 F.3d at 644.

Finally, "the sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *U.S. v. $506,069.09 Seized from First Merit Bank*, 664 Fed Appx at 430. Such caution is necessary because "where the district court has not manifested consideration of less drastic sanctions, it is more difficult, although not impossible, for this court to conclude that the district court exercised its discretion with appropriate forethought." *Harmon v. CSX Transp. Inc*., 110 F.3d 364, 368–69 (6th Cir. 1997).

**B.     Analysis**

For the following reasons, it is recommended the Court find the balance of the four *Mulbah* factors supports dismissal of this matter without prejudice. With regard to the first factor, Plaintiff has provided no justification for his failure to appear for either the July 13, 2018 telephonic CMC or the July 24, 2018 telephonic status conference scheduled by this Court. Nor has he explained his failures to submit a Parties' Planning Report, provide a current address to the Clerk's Office, or file a response to Defendants' Motion to Dismiss. Plaintiff's complete failure to participate in any aspect of the litigation of this lawsuit can be construed as evidence of willfulness and fault. *See Jackson*, 2014 WL 5307911 at \*3. *See also Eddins v. Dep't of Ohio VFW*, 2012 WL 1987162 at \*1 (S.D. Ohio June 4, 2012)(recommending dismissal of *pro se* plaintiff's lawsuit where plaintiff failed to participate in a Rule 26(f) parties' planning meeting or

respond to Court's "show cause" order.); *Robinson v. General Motors Co.,* 2013 WL 999598 at *3 (N.D. Ohio Mar. 13, 2013)(finding evidence of willfulness and fault where *pro se* plaintiff failed to participate in the submission of joint status reports, attend status conferences, or respond to discovery.).

The Court finds the Plaintiff's repeated failure to participate in Court proceedings is more than sufficient to "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu*, 420 F.3d at 643. *See also U.S. v. $506,069.09 Seized from First Merit Bank*, 664 Fed Appx at 429. Thus, the first *Mulbah* factor weighs in favor of dismissal.

As to the second factor, Defendants have not communicated to this Court that they have suffered prejudice as a result of Plaintiff's lack of participation in this action. Indeed, and as discussed *infra* at greater length, Defendants themselves also failed to appear for either the July 13, 2018 CMC or the July 24, 2018 telephonic status conference. As noted *supra*, a defendant is prejudiced by a plaintiff's conduct when the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Rogers*, 302 Fed. Appx at 378. *See also Wu*, 420 F.3d at 644; *U.S. v. $506,069.09 Seized from First Merit Bank*, 664 Fed Appx at 429. Here, given Defendants' own failure to participate in Court proceedings, the Court is unable to find Defendants suffered significant prejudice as a result of Plaintiff's actions. The Court therefore finds the second *Mulbah* factor does not weigh strongly in favor of dismissal.

With regard to the third factor, Plaintiff was indisputably placed on notice about the consequences of failing to comply with the Court's Orders. As noted above, the Court's CMC

7

Scheduling Order specifically directed Plaintiff to appear for the telephonic CMC on July 13, 2018. (Doc. No. 13 at 2.) When Plaintiff failed to appear (or submit the required Parties' Planning Report), the Court issued an Order scheduling a telephonic status conference for July 24, 2018. (Doc. No. 16.) That Order specifically warned Plaintiff that "**failure to participate in this conference may result in sanctions, including the imposition of fines and/or dismissal of this action**." (*Id*. at 4)(emphasis in original). Thus, the Court finds the third *Mulbah* factor weighs in favor of dismissal.

Finally, while less drastic sanctions have been considered, the Plaintiff's actions demonstrate they would not have the desired effect. As set forth above, the Court has warned Plaintiff that he could be sanctioned for failing to comply with the Court's Orders, including the dismissal of the matter entirely. (Doc. No. 16 at 4.) Notwithstanding, Plaintiff has continually failed to appear for Court proceedings, submit a Parties' Planning Report, or otherwise move forward with the litigation of this matter. Thus, the Court doubts sanctions short of dismissal would elicit any response. At the same time, the Court is mindful a dismissal with prejudice is an extraordinary sanction. Moreover, courts within this Circuit have noted a district court should not dismiss with prejudice in cases in which an alternative sanction would better serve the interests of justice. *See e.g., Wu*, 420 F.3d at 644 (quoting *Mulbah*, 261 F.3d at 589); *WRK Rarities, LLC v. United States*, 2014 WL 7507282 at * 3. Here, although Plaintiff has repeatedly ignored the Court's Orders, the Court nonetheless finds the less severe sanction of dismissal without prejudice is most appropriate, particularly given the lack of significant prejudice to Defendants.

In sum, the Court is mindful of Plaintiff's *pro se* status, but due to his apparent

abandonment of his case, his failure to keep the Clerk's Office informed of his current address, and his failure to comply with basic procedural requirements, the Court finds, in the interests of justice, the balance of the four factors weigh in favor of dismissal.

Accordingly, and for all the reasons set forth above, it is recommended this action be dismissed without prejudice for failure to prosecute.

### III.    Sanctions

As noted above, Plaintiff has not been the only party who has failed to appear for Court proceedings in this matter. Counsel for Defendants City of East Cleveland, City of East Cleveland Police Department, and Mark Allen also failed to appear for either the July 13, 2018 telephonic CMC or the July 24, 2018 telephonic status conference. (Doc. Nos. 16, 17.) As of the date of this Report & Recommendation, defense counsel (Willa Hemmons) has failed to provide any explanation for her failure to attend these conferences.

Under Federal Rule of Civil Procedure 16(f), a court may sanction a party for failing to appear at a pretrial conference or failing to obey a pretrial order. *See* Fed. R. Civ. P. 16(f). *See also Lethiot v. JB Hunt Shipping*, 2017 WL 3044762 at * 7 (W.D. Ky. July 18, 2017) ("If a party fails to obey a pretrial order, such as an order to attend a settlement conference, or to appear at a pretrial conference, the Court may, upon the motion of a party or *sua sponte*, sanction that party."); *Innovative Engineering & Consulting Corp v. Hurley & Associates, Inc.*, 2006 WL 2422910 at * 7 (N.D. Ohio Aug. 22, 2006) ("[U]nder Rule 16(f) the court is empowered to award sanctions for 1) a party's failure to comply with a pretrial order, 2) a party or counsel's failure to be prepared for the proceeding, and 3) a party or counsel's failure to proceed in good faith.")

Moreover, "[t]he Supreme Court has confirmed that the court's inherent power is an

independent basis for sanctioning bad-faith conduct in litigation." *Allstate Ins. Co. v. Smith*, 2007 WL 2254730 at * 2 (N.D. Ohio Aug. 3, 2007) (citing *Chambers v. NASCO, Inc*., 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). *See also Bowles*, 129 Fed. Appx. at 241 ("the Court has the "inherent power to 'protect[] the due and orderly administration of justice and . . . maintain[] the authority and dignity of the court.'") (quoting *Cooke*, 267 U.S. at 539). "A district court's options, in terms of what kind of sanctions it may impose pursuant to its inherent power, are broad." *Id*. One of these options is the assessment of monetary sanctions for the failure to obey court orders*. See e.g., Landis v. Fannie Mae*, 2013 WL 141655 at * 1 (E.D. Mich. Jan. 11, 2013) (assessing $1,000 fine for counsel's failure to appear for court proceedings); *Ivan Ware & Son v. Delta Aliraq, Inc*., 2017 WL 379459 at *4- 5 (W.D. Ky. Jan. 26, 2017) (imposing $2,500 fine for failure to appear for settlement conference).

For the following reasons, it is recommended defense counsel Willa Hemmons be assessed a $100 fine for her repeated failure to attend Court-ordered pre-trial proceedings. As discussed *supra,* defense counsel was specifically directed to participate in the July 13, 2018 CMC. (Doc. No. 13 at 2.) She failed to do so. (Doc. No. 16.) Defense counsel was then ordered to participate in a telephonic status conference on July 24, 2018 and expressly warned that "**failure to participate in this conference may result in sanctions, including the imposition of fines**." (*Id*. at 4) (emphasis in original). Once again, Ms. Hemmons failed to appear. As of the date of this decision, Ms. Hemmons has failed to provide any explanation to this Court for her failure to attend these Court proceedings.

Accordingly, and pursuant to Rule 16(f) and this Court's inherent authority, it is recommended Ms. Hemmons be assessed a $100 fine for her failure to attend the July 13, 2018

and July 24, 2018 pre-trial conferences.

### IV. Motion to Dismiss (Doc. No. 12)

Defendants City of East Cleveland, City of East Cleveland Police Department, and Mark Allen filed a Motion to Dismiss for Failure to State a Claim on June 22, 2018. (Doc. No. 12.) In light of this Court's recommendation this matter be dismissed without prejudice for failure to prosecute, it is further recommended Defendants' Motion to Dismiss be denied as moot.

### V. Conclusion

Accordingly, and for all the reasons set forth above, it is recommended Plaintiff's Complaint be dismissed without prejudice for failure to prosecute. It is further recommended counsel for Defendants City of East Cleveland, City of East Cleveland Police Department, and Mark Allen be fined $100 as a sanction for counsel's failure to participate in either the July 13, 2018 CMC or the July 24, 2018 telephonic status conference. Finally, it is recommended Defendants' Motion to Dismiss (Doc. No. 12) be denied as moot.

Date: July 27, 2018　　　　　　　　　　*s/ Jonathan D. Greenberg*
　　　　　　　　　　　　　　　　　　　　Jonathan D. Greenberg
　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**