# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN, | ) | CASE NO: 1:18CV192 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CITY OF EAST CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

This case is before the Court upon referral for disposition of Defendants' Motion for Reconsideration. (Doc. No. 19.) For the reasons that follow, Defendants' Motion is DENIED.

On January 25, 2018, Plaintiff Jeffrey Brown filed a *pro se* Complaint against Defendants City of East Cleveland, City of East Cleveland Police Department, and East Cleveland Police Officer Mark Allen (hereinafter the "City of East Cleveland Defendants"); former East Cleveland police officers Torris Moore and Antonio Malone; John Does 1-2; and "ABC & XYZ Insurance Carriers Providing Occurrence Coverage for Police Activities." (Doc. No. 1.) Plaintiff alleges numerous state and federal claims arising from his arrest, prosecution, and imprisonment for various drug and weapons charges. (*Id.*)

On May 16, 2018, this matter was referred to the undersigned for general pretrial supervision. (Doc. No. 9.)

1

On June 22, 2018, Defendants the City of East Cleveland, the East Cleveland Police Department, and City of East Cleveland Police Officers Mark Allen filed a Motion to Dismiss for Failure to State a Claim.[1]  (Doc. No. 12.)  Plaintiff did not file a response to Defendants' motion.

On June 26, 2018, the Court issued a Case Management Conference Scheduling Order.  (Doc. No. 13.)  This Order set a telephonic CMC for July 13, 2018 and expressly required that "Lead counsel and all *pro se* litigants shall participate in the CMC."  (*Id*. at 2.)  It further stated that "Plaintiff shall arrange with opposing counsel for the meeting of the parties as required by Fed. R. Civ. P. 26(f) and LR 16.3(b)(3)."  (*Id*. at 3.)  A report of this planning meeting was required to be jointly signed and submitted to the Clerk for filing no less than five business days before the CMC.  (*Id*.)

On that same date, the Court mailed a copy of the CMC Scheduling Order, the *Pro Se* Litigants' Guide, and the Court's Telephone Conference Bridge Instructions to Plaintiff at the address he provided in his Complaint.  On July 2, 2018, these documents were returned to the Court marked "address invalid" and "unable to forward."  (Doc. No. 15.)

The record reflects the parties failed to file a Parties' Planning Report as required by the CMC Scheduling Order.  Moreover, despite having been ordered to do so, neither party appeared for the July 13, 2018 telephonic CMC.  (Doc. No. 16.)  In an effort to move the case forward, the Court nonetheless issued a CMC Order, in which it set case management deadlines that it believed were reasonable based on the pleadings to date.  (*Id*.)  In addition, in the CMC Order,

---

[1]  The Court notes Defendants Moore and Malone have not entered an appearance in this case.  Neither of these Defendants have answered or otherwise responded to either the Complaint.

2

the Court expressly ordered as follows:

> A telephonic conference with counsel and clients will be held **on July 24, 2018, at 9:30 a.m. Failure to participate in this conference may result in sanctions, including the imposition of fines and/or dismissal of this action.**

(*Id*. at 4) (emphasis in original).

The record reflects neither party appeared for the telephonic status conference scheduled for Tuesday, July 24, 2018. (Doc. No. 17.) This was the second telephone conference neither party attended.

On July 27, 2018, the undersigned issued a Report & Recommendation that this matter be dismissed without prejudice for failure to prosecute. (Doc. No. 18.) The undersigned further recommended defense counsel be assessed a $100 fine as a sanction for her failure to participate in Court proceedings. (*Id*.) The Court explained as follows:

> For the following reasons, it is recommended defense counsel Willa Hemmons be assessed a $100 fine for her repeated failure to attend Court-ordered pre-trial proceedings. As discussed *supra,* defense counsel was specifically directed to participate in the July 13, 2018 CMC. (Doc. No. 13 at 2.) She failed to do so. (Doc. No. 16.) Defense counsel was then ordered to participate in a telephonic status conference on July 24, 2018 and expressly warned that "**failure to participate in this conference may result in sanctions, including the imposition of fines**." (*Id*. at 4) (emphasis in original). Once again, Ms. Hemmons failed to appear. As of the date of this decision, Ms. Hemmons has failed to provide any explanation to this Court for her failure to attend these Court proceedings.
>
> Accordingly, and pursuant to Rule 16(f) and this Court's inherent authority, it is recommended Ms. Hemmons be assessed a $100 fine for her failure to attend the July 13, 2018 and July 24, 2018 pre-trial conferences.

(*Id*. at 10-11.) The Report & Recommendation explained that Objections, if any, must be filed within fourteen days of the date of the Order. (*Id*. at 11.)

Rather than filing Objections, Defendants filed a "Motion for Reconsideration." (Doc. No. 19.) Therein, Defendants requested the undersigned reconsider the recommendation that

3

defense counsel be fined $100 as a sanction for her failure to participate in either the July 13, 2018 CMC or the July 24, 2018 telephonic status conference, arguing "the failure to attend these telephonic status conferences was not a result of any contemptuous behavior but was merely the product of intervening circumstances." (*Id.* at 1.)

With regard to defense counsel's failure to attend the July 13, 2018 telephonic CMC, Defendants assert as follows:

> In regards to the July 13, 2018 CMC; this Court is urged to observe that on June 26, 2018 the East Cleveland Defendants moved the Court to reschedule the July 13, 2018 CMC from 10:00 a.m., to 2:00 p.m., as "…counsel for Defendants [would] be unable to participate in the CMC as she [would] be onboard a flight to Orlando, Florida; and not expected to land until 11:06 a.m." See Defendants' Motion for Continuance, Doc. # 14.
>
> This Court is urged further that although the June 26, 2018 Case Management Conference Scheduling Order provided notice that "Dial-in information shall be provided via separate email/mail" such information was not sent until 2:30 p.m., on July 13, 2018. Moreover, this email was sent to counsel's work email, at a time when notice had been provided that counsel would not be at work. Inasmuch as counsel is unable to access her work email when off- site. Accordingly, and as to counsel's failure to attend the June 13, 2018 [sic], this Court is urged to find that such failure was not a product of any contemptuous behavior but was a merely a matter of intervening error.

(*Id.* at 1-2.)

Defendants' explanation is factually inaccurate and without merit. While defense counsel claims she was not timely provided dial-in information for the July 13, 2018 telephonic CMC, the Court's records demonstrate otherwise. Specifically, and as reflected in Exhibit 1 to this Order, the Court first emailed the dial-in information for the July 13, 2018 CMC to defense counsel on June 26, 2018. *See* Exh. 1. When defense counsel failed to dial-in for the CMC on July13, 2018, the Court re-sent the dial-in information to defense counsel, directing it to the email address listed on the docket that had been provided by counsel. As reflected in Exhibit 2 to this Order, this

4

second email was sent to defense counsel on July 13, 2018 at 2:03 p.m. *See* Exh. 2. Thus, Defendants' assertion the Court failed to timely provide the dial-in information for the telephonic CMC is false.

Defendants appear to suggest this Court should have known defense counsel would not have received the second email because the Court was on notice she was out of town on that date. The Court finds this argument to be without merit. First, as noted above, defense counsel had previously been provided the dial-in information on June 26, 2018. Second, counsel has an obligation to provide the Court with appropriate contact information, including email addresses. The Court relies on the contact information reflected on the docket in communicating with counsel. If defense counsel wished to be contacted at different email address while she was out of town, she could (and should) have updated her contact information on the docket via the procedures set forth on this Court's public website. *See* Attorney Registration Change of Name/Address instructions set forth at [www.ohnd.uscourts.gov.](www.ohnd.uscourts.gov.)

Lastly, the Court notes that an Order scheduling the CMC for July 13, 2018 was entered on the docket on June 26, 2018. (Doc. No. 13.) Defense counsel has not argued or demonstrated she was not served with this Order. Thus, even if defense counsel did not have the dial-in information on hand and was unable to access it, counsel was aware the telephonic CMC was set for 2:00 p.m. and has provided no explanation for failing to contact Chambers to obtain the appropriate dial-in information at the time of the conference.

Accordingly, defense counsel's explanation for her failure to attend the July 13, 2018 telephonic CMC is without merit.

With respect to the July 24, 2018 telephonic status conference, defense counsel argues as

follows: "[T]his Court is urged to observe that such failure [to attend] was borne out of the reasonable anticipation that the conference would not go forward as the docket revealed that notice to Plaintiff Jeffrey Brown of the [July][2] 24, 2018 CMC Conference had not been served." (Doc. No. 19 at 2.)

Defendants' explanation is, again, factually inaccurate and without merit. First, the docket reflects the Order setting the July 24, 2018 telephonic status conference was mailed to Plaintiff Jeffrey Brown at the address provided on the docket. *See* non-document entry dated July 13, 2018. The docket further reflects this Order was **not** returned to the Court as undeliverable. Thus, there is simply no basis for Defendants' assertion that Plaintiff was not served with notice of the telephonic conference and, therefore, it was "reasonable" for defense counsel to believe the conference would not go forward.

More importantly, whether or not Plaintiff received notice of the conference is irrelevant. Defense counsel had an independent obligation to appear for the July 24, 2018 telephonic conference, regardless of whether or not she believed Plaintiff had or had not been served with notice. Defense counsel was expressly ordered by this Court to appear for the telephonic conference. (Doc. No. 16.) She failed to do so, and has provided no reasonable explanation for her decision to disregard this Court's Order.

Defense counsel's explanation for her failure to attend the July 24, 2018 telephonic

---

[2] Defendants' motion repeatedly references a CMC Conference on June 24, 2018. The record reflects no conference (CMC or otherwise) was set by this Court for June 24, 2018. Rather, the CMC was conducted on July 13, 2018 (Doc. No. 16) and a telephonic status conference was conducted on July 24, 2018 (Doc. No. 17.) The Court interprets Defendants' reference to a "June 24, 2018 CMC Conference" to be a mistaken reference to the July 24, 2018 telephonic status conference.

conference is, therefore, without merit.

Accordingly, and for all the reasons set forth above, Defendants' Motion to Reconsider (Doc. No. 19) is DENIED.

**IT IS SO ORDERED**.


Date: August 17, 2018          *s/Jonathan D. Greenberg*
                                         Jonathan D. Greenberg
                                         U.S. Magistrate Judge