IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY BROWN,** | ) | CASE NO.: 1:18CV-192 and 1:17-CV-866 |
| | ) | |
| Plaintiff, | ) | **THE HONORABLE JUDGE** |
| | ) | **CHRISTOPHER BOYKO** |
| v. | ) | |
| | ) | **THE HONORABLE JUDGE** |
| **CITY OF EAST CLEVELAND,** *et al.*, | ) | **PATRICIA GAUGHN** |
| | ) | |
| Defendants. | ) | **MAGISTRATE JUDGE** |
| | ) | **GREENBERG** |

**EAST CLEVELAND DEFENDANTS'
MOTION FOR CONSOLIDATION PURSUANT TO RULE 42(a)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**I.   INTRODUCTION.**

Defendants, the City of East Cleveland, East Cleveland Police Department, and Officer Mark Allen (the East Cleveland Defendants) hereby respectfully move this honorable Court to have this action consolidated with *Derrico v. Moore et al.*, No. 1:17-CV-866 (N.D. Ohio. filed April 22, 2017). This East Cleveland Defendants' Motion requests consolidation for the purposes of pre-trial proceedings and trial only; the East Cleveland Defendants do not request a consolidation of judgments or rights to appeal.

Rule 42 (a) of the Federal Rules of Civil Procedure provides that:

> "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

See Fed.R.Civ.P. 42(a).

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).

II. **THE ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT**

Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact." Fed.R.Civ.P. 42(a). Even if there are some questions that are not common, consolidation is not precluded. *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981); See *Central Motor Co. v. United States*, 583 F.2d 470 (10th Cir. 1978).

Common questions of law and fact abound in these cases. First, both cases allege violations of federal and state law which include the violation of the Plaintiffs' rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution among other similar state claims.

Second, both causes of action arise from the same factual situation; namely, the Plaintiffs' arrest by East Cleveland Police Officers, Plaintiffs' subsequent convictions; and the vacating of same by the Cuyahoga County Court of Common Pleas subsequent to the former officers' convictions in federal court on charges

In addition, both cases identify as Defendants, among others, Officer Torris Moore, Eric Jones and Antonio Malone (the Former Officers) the City of East Cleveland and the East Cleveland Police Department. Both cases have alleged that the Former Police Officers under color of law utilized their office to conduct a criminal conspiracy wherein they not only robbed suspected drug dealers of money and other valuables but further provided the courts with fabricated evidence which was utilized for the purpose of securing the wrongful arrest and

2

unlawful convictions of the Plaintiffs. In addition, and subsequent to the federal convictions of the Former Officers, the State of Ohio has vacated the convictions of both the Plaintiffs.

Indeed, this Court is urged to recognize that there are 41 other cases (the 41 Other Claims) similar to these two, all of which are directly connected to the criminal conspiracy of the likewise defendant Former Police Officers. In each of these 41 Other Claims, as in the within cases, the Former Police Officers falsely arrested and fabricated evidence against; and the illicit activities of the Former Police Officers when uncovered led to the dismissal of all charges and further compelled the County Prosecutor to motion the court to vacate the convictions and sentences that had been imposed.

Indeed, at this juncture, the disposition of the other 41 Claims are ambiguous. However, it is believed that some have been settled, while others have been dismissed. See cf. Exhibits A and B in re: *Andrew Brown v. City of East Cleveland, et al*., CV-18-895122. Furthermore, both of these Northern District of Ohio cases seek similar relief from this Court. This case is therefore particularly appropriate for consolidation with its attendant *Derrico* case.

Finally, recognizing that the statute of limitations under R.C. 2744 is due to expire under most of these cases it is anticipated that there will be an inundation of these 41 Other Claims. Clearly, judicial expediency would best be served by consolidating these two cases and any other cases that may be filed.

III.  **A COURT HAS BROAD DISCRETION IN ORDERING CONSOLIDATION.**

A court has broad discretion in determining whether consolidation is practical. *Atlantic States Legal Foundation Inc. v. Koch Refining Co*., 681 F. Supp 609, 615 (D. Minn. 1988). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *Hendrix v. Raybestos-Manhattan, Inc*., 776 F.2d

3

1492, 1495 (11th Cir. 1985); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). See also *Kramer v. Boeing Co*., 134 F.R.D. 256 (D. Minn. 1991).

Consolidation offers efficiency and convenience in this case. Consolidation will result in one trial which will bind all plaintiffs and defendants. This will save time and avoid unnecessary costs to the defendants, the plaintiffs in two actions, witnesses who would otherwise be required to testify in both cases, and this Court.

Consolidation will not delay the disposition of this case. In fact, it will minimize delays. The City of East Cleveland and the plaintiffs in the other case are at slightly different stages of the discovery process, but this does not bar consolidation. *United States v. City of Chicago*, 385 F. Supp. 540, 543 (N.D. Ill. 1974). The Defendants are prepared to present their case in both of these actions; however, and as more fully set forth *supra*, judicial efficiency commands that all cases associated with these be consolidated as they may present themselves.

IV. **CONCLUSION**.

Defendants hereby respectfully request that this Court grant their motion to consolidate this action with the action brought by Walter Derrico.

                              Respectfully submitted,

                              /s/ *Heather McCollough*
                              Heather McCollough (75882)
                              Director of Law
                              City of East Cleveland
                              14340 Euclid Avenue
                              East Cleveland, Ohio 44112
                              whemmons@eastcleveland.org
                              Counsel for Defendants, City of East Cleveland
                              East Cleveland Police Department, and
                              Officer Mark Allen

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 17th day of September, 2018 a true and accurate copy of the foregoing *Brief In Support of the East Cleveland Defendants' Motion for Consolidation Pursuant To Rule 42(A) of the Federal Rules Of Civil Procedure* was electronically filed with the Court and via this Court's electronic notification system a copy thereof may be accessed by all registered parties.  Further, a copy is made this 17th day of September, 2018 and has been forwarded via regular, U.S. mail, postage prepaid to:

Jeffrey Brown
*pro se* for Plaintiff Jeffrey Brown
27945 Bishop Park Drive, C#209
Willoughby, OH 44092

*/s/ Heather McCollough*
Heather McCollough (75882)
Counsel for City of East Cleveland