**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY BROWN, | ) | CASE NO: 1:18CV192 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CITY OF EAST CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | **(Doc. No. 22)** |
| | ) | |

This case is before the Court upon referral for disposition of Plaintiff Jeffery Brown's Motion to Re-Instate Case.  (Doc. Nos. 22, 24.)  For the reasons that follow, it is recommended Plaintiff's Motion be DENIED.

## I.    Procedural Background

On January 25, 2018, Plaintiff Jeffrey Brown filed a *pro se* Complaint against Defendants City of East Cleveland, City of East Cleveland Police Department, and East Cleveland Police Officer Mark Allen (hereinafter the "City of East Cleveland Defendants"); former East Cleveland police officers Torris Moore and Antonio Malone; John Does 1-2;  and "ABC & XYZ Insurance Carriers Providing Occurrence Coverage for Police Activities."  (Doc. No. 1.) Plaintiff alleges numerous state and federal claims arising from his arrest, prosecution, and imprisonment for various drug and weapons charges.  (*Id.*)

1

On May 16, 2018, this matter was referred to the undersigned for general pretrial supervision.  (Doc. No. 9.)

On June 22, 2018, Defendants the City of East Cleveland, the East Cleveland Police Department, and City of East Cleveland Police Officers Mark Allen filed a Motion to Dismiss for Failure to State a Claim.[1]  (Doc. No. 12.)  Plaintiff did not file a response to Defendants' motion.

On June 26, 2018, the Court issued a Case Management Conference Scheduling Order.  (Doc. No. 13.)  This Order set a telephonic CMC for July 13, 2018 and expressly required that "Lead counsel and all *pro se* litigants shall participate in the CMC."  (*Id*. at 2) (emphasis added).  It further stated that "Plaintiff shall arrange with opposing counsel for the meeting of the parties as required by Fed. R. Civ. P. 26(f) and LR 16.3(b)(3)."  (*Id*. at 3.)  A report of this planning meeting was required to be jointly signed and submitted to the Clerk for filing no less than five business days before the CMC.  (*Id*.)

On that same date, the Court mailed a copy of the CMC Scheduling Order, the *Pro Se* Litigants' Guide, and the Court's Telephone Conference Bridge Instructions to Plaintiff at the address he provided in his Complaint.  On July 2, 2018, these documents were returned to the Court marked "address invalid" and "unable to forward."  (Doc. No. 15.)

The record reflects the parties failed to file a Parties' Planning Report as required by the CMC Scheduling Order.  Moreover, despite having been ordered to do so, neither party appeared for the July 13, 2018 telephonic CMC.  (Doc. No. 16.)  In an effort to move the case forward, the

---

[1]  The Court notes Defendants Moore and Malone have not entered an appearance in this case.  Neither of these Defendants have answered or otherwise responded to either the Complaint.

2

Court nonetheless issued a CMC Order, in which it set case management deadlines that it believed were reasonable based on the pleadings to date.  (*Id*.)  In addition, in the CMC Order, the Court expressly ordered as follows:

> A telephonic conference with counsel and clients will be held **on July 24, 2018, at 9:30 a.m.  Failure to participate in this conference may result in sanctions, including the imposition of fines and/or dismissal of this action.**

(*Id*. at 4) (emphasis in original).

The record reflects neither party appeared for the telephonic status conference scheduled for Tuesday, July 24, 2018.  (Doc. No. 17.)

On July 27, 2018, the undersigned issued a Report & Recommendation that this matter be dismissed without prejudice for failure to prosecute.   (Doc. No. 18.)  The undersigned further recommended defense counsel be assessed a $100 fine as a sanction for her failure to participate in Court proceedings.  (*Id*.)  The Report & Recommendation explained that Objections, if any, must be filed within fourteen days of the date of the Order.  (*Id*. at 11.)

Neither party filed Objections.[2]  Instead,  Defendants filed a "Motion for Reconsideration"  on August 8, 2018.   (Doc. No. 19.)  Therein, Defendants requested the undersigned reconsider the recommendation that defense counsel be fined $100 as a sanction for her failure to participate in either the July 13, 2018 CMC or the July 24, 2018 telephonic status conference.  (*Id*.)

On August 9, 2018, Defendants' Motion for Reconsideration was referred to the undersigned for disposition.  On August 17, 2018, the undersigned issued an Order denying

---

[2] The docket reflects the July 27, 2018 Report & Recommendation was mailed to Plaintiff at the 17900 Delavan Street address on that date, and was not returned as undeliverable.

3

Defendants' Motion to Reconsider.  (Doc. No. 20.)

On August 22, 2018, Judge Boyko issued an Order "adopt[ing] in part the Report and Recommendation (Doc. No. 18), dismiss[ing] the case without prejudice for failure to prosecute and sanction[ing] defense counsel for the City of East Cleveland $250 for repeated failure to obey the Orders of the Court."  (Doc. No. 21.)

On September 11, 2018, Plaintiff filed a "Motion to Re-instate Case."  (Doc. No. 22.) Defendants did not file a brief in opposition to Plaintiff's Motion.  Rather, on September 17, 2018, Defendants filed a "Motion to Consolidate" the instant action with *Derrico v. Moore, et al.*, Case No. 1:17CV866 (N.D. Ohio) for the purposes of pre-trial proceedings and trial only.[3] (Doc. No. 25.)

## II.    Analysis

In his Motion, Plaintiff argues he timely submitted a change of address form and asks that the instant matter therefore be returned to the active docket.  Specifically, in its entirety, Plaintiff's Motion states as follows:

> On or about April 20, 2018 plaintiff filed this civil action against the above named defendants.
>
> At the time of the filling, plaintiff was living at 17900 Delavan ST., Cleveland, OH 44119.
>
> On or about the 28th of April, 2018, plaintiff moved to his current address of 27945 BISHOP PARK DR. C #209, Willoughby, Oh 44092.
>
> Plaintiff submitted a change of address form around the same time, via his mother. Plaintiff received mail from the Court May-16-2018 and July 13, 2018 (see exhibit

---

[3] Defendants' Motion to Consolidate has not been referred to the undersigned. Therefore, this Report & Recommendation is limited to Plaintiff's Motion to Re-instate Case. (Doc. No. 22.)

A being sent herewith).

Plaintiff called the Clerk of Courts 8-23-2018 and was told his complaint had been dismissed 8- 22-2018 because he failed to attend the hearing, failed to prosecute and his mail had been returned to the court indicating he had moved and left no forwarding address.

CONCLUSION:

Plaintiff cannot explain to this Court why his mail was returned to the clerk's office.

Plaintiff can only direct this Court's attention to the exhibit that proved he did put in an address change form and he has previously received mail from this court at his new address.

Plaintiff prays this court will consider these factors along with the fact the defendants did not show up also, and they (the defendants) cannot logically object to the re-instatement of this case.

(Doc. No. 22 at 1-2.)  As an exhibit, Plaintiff attaches a photocopy of the front of an envelope

sent from the Clerk's Office to him on July 13, 2018 at the 17900 Delavan Street address.  (Doc.

No. 22-1.)  This envelope appears to have a sticker attached to it by the Post Office that states as

follows:

> Notify Sender of New Address
> Brown
> 27945 Bishop Park Drive, Apt. 209
> Willoughy Hls, Ohio 44092-2746

(Doc. No. 22-1.)

Defendants did not file a brief in opposition or otherwise respond to Plaintiff's Motion.[4]

For the following reasons, it is recommended Plaintiff's Motion to Reinstate Case be

denied.  Plaintiff asserts he "submitted a change of address form" sometime around April 2018

---

[4] Defendants' "Motion to Consolidate" also fails to either respond to Plaintiff's Motion to Reinstate Case or otherwise address the fact that Plaintiff's Complaint was dismissed for failure to prosecute and the case was closed.

5

"via his mother." (Doc. No. 22 at 1.) However, there is nothing on the docket indicating that the Court received a change of address form relating to the instant case. Moreover, had Plaintiff's mother come to the Courthouse to report Plaintiff's change of address, she would have been advised to complete a change of address form at that time, which would have then been entered on the docket.[5] There is simply no evidence on the docket that Plaintiff notified this Court of his change of address at any point in time since the filing of the Complaint.

The Exhibit attached to Plaintiff's Motion suggests that he (or his mother) may have notified the Post Office of his change of address. (Doc. No. 22-1.) However, this does not relieve Plaintiff of his obligation to keep *the Court* apprised of his current address. The Sixth Circuit has found that a plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in his address."). *See also Bryant v. Warden, Franklin County Corrections Center,* 2017 WL 6520874 at * 1 (S.D. Ohio Dec. 4, 2017), *adopted by*, 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017); *Grogg v. Clark,* 2017 WL 123798 at * 1 (E.D. Tenn. Jan. 12, 2017); *Godinez v. Eros,* 2016 WL 4745823 at * 1 (N.D. Ohio Sept. 13, 2016); *Fountain v. Warden, Franklin Medical Center*, 2013 WL 2468361 at * 1 (S.D. Ohio June 7, 2013), *adopted by*, 2013 WL 3467057 (S.D. Ohio July 9, 2013); *Walker v. Cognis Oleo Chem., LLC*, 2010 WL 717275 at *1 (S.D. Ohio Feb. 26, 2010). Indeed, a plaintiff's failure to supply the Court with an updated address may subject the action to dismissal under Federal Rule of Civil Procedure 41(b)

---

[5] If Plaintiff (or his mother) had called the Court to report a change of address, he (or she) would have been advised of the necessity to submit a written notice of change of address.

for failure to prosecute. *See Fountain*, 2013 WL 2468361 at * 1; *Kosher v. Butler Cnty. Jail*, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) ("Without such basic information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.")

Here, Plaintiff failed to either provide the Court with an updated address or monitor the status of his case. The Court has no way of knowing a litigant's mailing address except by checking the address provided by the litigant and filed on the docket. Any problems arising from an inability to communicate with Plaintiff are directly attributed to Plaintiff's failure to update the docket with his current address. *See Grogg*, 2017 WL 123798 at * 1; *Kosher*, 2012 WL 4808546 at * 1 ("It is incumbent upon any litigant, including a *pro se* litigant, to keep the Court informed of his or her current address.")

Moreover, by his own admission, it appears Plaintiff did receive notice of this Court's Case Management Conference Order (Doc. No. 16), which was issued on July 13, 2018. The docket reflects this Order was mailed to Plaintiff at the 17900 Delavan Street address on that date and was not returned undeliverable. The envelope attached Plaintiff's Motion has a postmark dated July 13, 2018 and Plaintiff states in his Motion that he received mail from the Court on that date. (Doc. No. 22-1.) The fact that Plaintiff received the Court's Case Management Conference Order is significant because that Order specifically states as follows:

> A telephonic conference with counsel and clients will be held on **July 24, 2018, at 9:30 a.m. Failure to participate in this conference may result in sanctions, including the imposition of fines and/or dismissal of this action.**

(Doc. No. 16 at 4) (emphasis in original). As noted *supra*, Plaintiff did not participate in the July 24, 2018 telephonic conference, despite the fact that he acknowledges in his Motion to Reinstate

7

—

that he received the Order setting this conference.

In sum, Plaintiff failed in his duty to notify the Court of his change of address; failed to otherwise monitor the status of this case; and failed to appear for the July 24, 2018 telephone conference despite acknowledging that he received the Order setting this conference.  While the Court recognizes that *pro se* litigants are held to less stringent standards, "there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."  *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. Dec. 16, 1991).  It is, therefore, recommended the Court deny Plaintiff's Motion to Reinstate Case.[6] (Doc. No. 22).

### III.    Conclusion

Accordingly, and for all the reasons set forth above, it is recommended Plaintiff's Motion to Reinstate Case (Doc. No. 22) be DENIED.


Date: October 2, 2018                    *s/Jonathan D. Greenberg*
                                         Jonathan D. Greenberg
                                         U.S. Magistrate Judge


### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g***

---

[6] The Court recognizes that Defendants also failed to appear for several pretrial conferences.  Defendants' failure to appear, however, does not excuse Plaintiff's failure to prosecute his case.  Moreover, as noted *supra*, Defendants' failure to appear was thoroughly addressed in previous Orders and defense counsel was sanctioned for her failure to participate in court proceedings. (Doc. Nos. 18, 20, 21.)

*denied*, 474 U.S. 1111 (1986).