# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY BROWN,** | ) | **CASE NO.1:18CV192** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CITY OF EAST CLEVELAND, ET AL.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the unobjected to Report and Recommendation of the Magistrate Judge, recommending that Plaintiff's Motion to Re-Instate Case (ECF # 22) be denied. There being no objection, the Court Accepts and Adopts the Magistrate Judge's Report and Recommendation.

On January 25, 2018, Plaintiff Jeffrey Brown filed a *pro se* Complaint against Defendants, alleging claims arising from his arrest, prosecution and imprisonment on various drug and weapons charges. The matter was referred to the Magistrate Judge for general pretrial supervision. Although he was properly noticed, Plaintiff failed to respond to Defendants' Motion to Dismiss, failed to participate in the Court-ordered Fed. R. Civ. P. 26(f) planning meeting and failed to appear at the Court ordered Case Management Conference and

subsequent telephone conference. The Court's CMC order warned the parties that failure to participate may result in sanctions, including dismissal.

On July 27, 2018, the Magistrate Judge issued a Report and Recommendation that Plaintiff's case be dismissed without prejudice for failure to prosecute and recommended defense counsel be fined $100 for failing to participate in the CMC and subsequent telephone status conference. Neither party filed objections to the July 27, 2018 R & R, instead, Defendants filed a Motion for Reconsideration, requesting the Court reconsider the recommendation of a fine.

The Magistrate Judge issued a subsequent R & R on the Motion for Reconsideration and the Court adopted the recommendation to dismiss the case without prejudice, but modified the recommended amount of the fine, increasing it to $250 for repeated failures to obey Court orders.

On September 11, 2018, Plaintiff filed his Motion to Re-instate Case. According to Plaintiff, he did not receive notices of the conferences despite the fact that he timely submitted a change of address form to the Court. As a result, the Court notices were delivered to his prior place of residence.

The Magistrate Judge recommends Plaintiff's Motion be denied as there is nothing on the docket evidencing that Plaintiff submitted a change of address form. Plaintiff's evidence indicates he may have notified the Post Office of his address change but nothing indicates he notified the Court of his change of address. The Magistrate Judge cites to Sixth Circuit caselaw holding that a plaintiff has an affirmative duty to notify the Court of an address change. *Barber v. Runyon,* 1994 WL 163765 at *1 (6th Cir. May 2, 1994).

Furthermore, the Magistrate Judge noted that Plaintiff admittedly received notice of the CMC order as outlined in the R & R, yet failed to appear.

Because the Magistrate Judge's Order warned the parties that failure to participate may result in sanctions, the parties were on notice that dismissal was possible for failure to comply. In light of Plaintiff's failure to appear at the CMC despite having been noticed, failure to inform the Court of his change in address and failure to Object to the Magistrate Judge's Report and Recommendation, the Court Accepts and Adopts the same and denies Plaintiff's Motion to RE-instate Case. (ECF # 22).

IT IS SO ORDERED.

        s/ Christopher A. Boyko
        CHRISTOPHER A. BOYKO
        United States District Judge

Dated: December 4, 2018